743 So.2d 614 (1999)
Dennis T. GUSTAFSON, Appellant,
v.
Rebecca MAUCK, Appellee.
No. 98-3267.
District Court of Appeal of Florida, First District.
October 20, 1999.
Charles A. McMurry, Tallahassee, for Appellant.
Maria Rodriguez, Grant Dearborn, Michael Reiter, and Albert Thorburn of Legal Services of North Florida, Inc., Quincy; Scott T. Manion, Legal Services of North Florida, Inc., Tallahassee; Stacey Pastel Dougan of Greenberg Traurig/Florida Coalition Against Domestic Violence Alliance for Battered Women, Miami; Virginia Daire of Florida Coalition Against Domestic Violence, Tallahassee, for Appellee.

*615 ON MOTION FOR REHEARING

BENTON, J.
On motion for rehearing, we withdraw our prior opinion in this case and substitute the following as the opinion of the court. We reverse a permanent injunction against domestic violence entered against Dennis Gustafson at the behest of Rebecca Mauck.
Not quite two years after the expiration of an earlier injunction against domestic violence, Mr. Gustafson began placing telephone calls to Ms. Mauck that led to new proceedings and to entry of the injunction now under review. The earlier injunction is not at issue here.
In July of 1993, Mr. Gustafson and Ms. Mauck ended some seven years of cohabitation. While there was no evidence that physical violence ever marred the relationship, the end of their time together became contentious. A one-year injunction against domestic violence was entered against Mr. Gustafson on January 31, 1994.
Beginning in January of 1997, at first at intervals of two to three months, then more frequently, Mr. Gustafson left tape recorded messages requesting that Ms. Mauck call him. The parties did not actually speak again until November of 1997, according to Ms. Mauck. Then, in response to a telephone message Mr. Gustafson had left, requesting that she send him a recipe, she called him up and gave him the recipe over the telephone. She did not ask him to stop calling her or leaving messages for her.
Although they did not speak again after that, Mr. Gustafson placed three more telephone calls to Ms. Mauck. Once he left a message requesting that she forward mail. In his final call, he left a message offering her photographs he had taken of her family. At her request, Ms. Mauck's stepfather went to see Mr. Gustafson in an effort to retrieve the photographs and to ask him not to call again.
The message concerning the photographs was left for Ms. Mauck at her home on July 21, 1998. Concerned that Mr. Gustafson knew her whereabouts, she felt that the telephone calls, although apparently innocuous, were intended to frighten her, and that she was in danger of imminent violence, no doubt recalling the acrimony of some years before and threats Mr. Gustafson made then. Accordingly, she filed a petition for injunction for protection against domestic violence, which was granted on August 19, 1998.
Section 741.30(1)(a), Florida Statutes (1997), confers standing to seek an injunction against domestic violence on any person who has actually been the victim of domestic violence or who on some other basis has reasonable cause to believe that he or she faces impending danger from such violence. Entry of an injunction under section 741.30(1) has collateral consequences under 18 U.S.C. § 922(g)(8), which prohibits possession of firearms by persons subject to domestic violence injunctions. See, e.g., Kanaszka v. Kunen, 313 N.J.Super. 600, 713 A.2d 565 (App.Div. 1998) (domestic violence injunction precluding career in law enforcement).
On October 1, 1997, the legislature amended section 741.30(1)(a) to provide that a person must have reasonable cause to believe that he or she is in imminent danger of becoming a victim of domestic violence in order to be entitled to an injunction, see Ch. 97-155, § 5 at 2971, Laws of Fla. (1997), codified at § 741.30(1)(a), Fla. Stat. (1997), tightening the previous requirement to prove reasonable fear of violence only at some indeterminate time in the future. See generally Cleary v. Cleary, 711 So.2d 1302, 1302 n. 1 (Fla. 2d DCA 1998).
The statutory standard is an objective one. For the period after the initial injunction expired, Ms. Mauck relies on the telephone calls to prove that Mr. Gustafson poses a danger to her. While we do not doubt appellee's sincerityand with all due respect to the trial court's findings *616 we cannot agree that Mr. Gustafson's telephone calls considered in conjunction with the history of the relationship before the initial injunction was entered gave Ms. Mauck objectively reasonable grounds to fear that she was in imminent danger of violence at Mr. Gustafson's hands. After all, as far as the record shows, neither party had done the other physical violence at any time during their relationship, which began more than a decade ago.
Ms. Mauck's motion for rehearing affords us the opportunity to express our complete agreement with the proposition that "Rebecca was not required to wait for sexual or physical abuse to occur in order to seek relief under the statute." Appellee's Motion for Rehearing at 7 (Aug. 20, 1999) (emphasis in original). We also fully agree that
in trying to ascertain whether and to what extent an abuser poses a threat to the victim's safety, courts must consider his [or her] behavior within the context of the relationship and its history. See Lovcik v. Ellingson, 569 N.W.2d 697, 700 (N.D.1997) (holding past abusive behavior is relevant in determining whether domestic violence is imminent).
Id. at 4. See also Cesare v. Cesare, 154 N.J. 394, 713 A.2d 390 (1998); Kanaszka, 713 A.2d at 568. We deem it significant here, however, that the parties ceased living together more than five years before the injunction was entered and that there was no evidence that Mr. Gustafson made any effort to contact Ms. Mauck after her stepfather asked him not to.
In deciding the present case, we express no view on any other set of facts and note that the courts are open to Ms. Mauck in the event circumstances change in any material way.
Reversed.
ALLEN and LAWRENCE, JJ., CONCUR.