787 So.2d 162 (2001)
Joseph A. GIALLANZA, Appellant,
v.
Vivian E. GIALLANZA, Appellee.
No. 2D99-4503.
District Court of Appeal of Florida, Second District.
May 9, 2001.
*163 Joseph A. Giallanza, pro se.
Vivian E. Giallanza, pro se.
PARKER, Acting Chief Judge.
Joseph Giallanza (the Husband) challenges the trial court's order extending indefinitely a final injunction for protection against domestic violence entered in favor of Vivian Giallanza (the Wife). Because the Wife's petition to extend the injunction did not allege any fear of domestic violence and because the trial court did not make any findings that the Wife had any objectively reasonable fear of domestic violence, we reverse.
In July 1995 the Wife filed her initial petition for protection against domestic violence. In that petition, the Wife alleged that the Husband had slammed her into a door jamb in August 1985 and that the Husband had wrapped his hands around her neck in June 1987. She also alleged that she was in fear of further domestic violence because the Husband had recently been very angry and verbally abusive to her due to the parties' impending divorce. The trial court granted the Wife's initial petition in July 1995. The Wife subsequently sought extensions of the injunction in July 1996, July 1997, and September 1998. In each case, the trial court extended the injunction for a period of one year. *164 In September 1999 the Wife sought an extension of the injunction against domestic violence for "the Wife's lifetime." After a hearing, the trial court granted the Wife's petition for a lifetime injunction. This appeal followed.
Section 741.30(1), Florida Statutes (1995), creates a cause of action for an injunction against domestic violence. "Domestic violence" is defined as "any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, or any criminal offense resulting in physical injury or death of one family or household member by another who is or was residing in the same single dwelling unit." § 741.28(1), Fla. Stat. (1995). Section 741.30(1)(a), Florida Statutes (1995), allows any person who is the victim of any act of domestic violence or who has "reasonable cause to believe he or she may become the victim of any act of domestic violence" to petition for an injunction. This section was amended in 1997 to require that the petitioner allege that he or she either is the victim of any act of domestic violence or "has reasonable cause to believe he or she is in imminent danger of becoming the victim of any act of domestic violence."[1] § 741.30(1)(a), Fla. Stat. (Supp.1998). Section 741.30(6)(b), Florida Statutes (1995), allows the victim to petition for an extension of the injunction and gives the court broad discretion to extend the injunction for successive periods "after considering the circumstances."
In order to state a cause of action under this statute, the petitioner seeking an initial injunction must allege either that he or she has reasonable cause to believe that he or she is in imminent danger of becoming the victim of domestic violence, Baumgartner v. Baumgartner, 691 So.2d 488 (Fla. 2d DCA 1997), or that he or she has been the victim of domestic violence. When moving for an extension of a preexisting injunction, the petitioner must establish either that additional domestic violence has occurred or that, at the time the petition for extension is filed, he or she has a continuing reasonable fear of being in imminent danger of becoming the victim of domestic violence. Spiegel v. Haas, 697 So.2d 222, 224 (Fla. 3d DCA 1997). In attempting to ascertain whether the petitioner's continuing fear is reasonable, the trial court must consider the current allegations, the parties' behavior within the relationship, and the history of the relationship as a whole. Id.; Gustafson v. Mauck, 743 So.2d 614, 616 (Fla. 1st DCA 1999).
With this in mind, we agree that the Wife's allegations in her initial petition were sufficient to warrant the trial court's entry of the initial injunction in July 1995. However, in her subsequent petitions to extend the injunction, the Wife never alleged any further actual violence or threats of violence. In addition, neither the Wife's petitions nor the transcripts of the hearings on the petitions show that the Wife is in any fear of domestic violence. Rather, they reflect that she is upset by the Husband's dealings with their children and that she believes that the Husband is using the children to harass her.[2] While *165 this harassment is clearly upsetting to the Wife, it is not sufficient to support any finding that she has any objectively reasonable fear that she is in imminent danger of domestic violence.
The statutory definition of "domestic violence" requires some showing of violence or a threat of violence. General harassment does not constitute "domestic violence" under the statute. For example, in Gustafson, the petitioner alleged that she was in fear of domestic violence from her prior live-in boyfriend because he was leaving messages on her answering machine asking that she contact him. Gustafson, 743 So.2d at 615. The trial court found that the telephone calls themselves were innocuous but granted the injunction because the petitioner alleged that the telephone calls were intended to frighten her and that she believed she was in imminent danger of violence. Id. On appeal, the First District reversed the order granting the injunction, concluding that the telephone calls standing alone, when considered with the history of the relationship which included no actual violence, did not give the petitioner any objectively reasonable grounds to fear that she was in imminent danger of violence at the respondent's hands. Id. at 616.
In this case, the Wife's allegations of general harassment by the Husband do not state even a prima facie case for extending the injunction for protection against domestic violence.[3] Moreover, the trial court's order granting the extension of the injunction makes no factual findings to support its conclusion that the Wife has an objectively reasonable fear that she is in imminent danger of domestic violence. If the Wife is accurate in describing the Husband's conduct, as reprehensible as his conduct is, the Wife has not established any facts sufficient to permit the trial court to extend an injunction for protection of the Wife against domestic violence. Therefore, the trial court's order extending the injunction against domestic violence indefinitely must be reversed.
Reversed and remanded.
FULMER and SILBERMAN, JJ., concur.
NOTES
[1] The Wife's initial petition was filed in 1995 and so was considered under the 1995 statute. The petition for extension at issue here was filed in 1999. Therefore, the change in the statute affects the trial court's consideration of the Wife's petition for extension of the injunction in this case.
[2] All of the allegations in the Wife's petitions for extension of the injunction involve what the Wife believes to be the Husband's inappropriate behavior with the parties' children. For example, the 1996 petition for extension alleges that the Husband had told the children to call the judge if the Wife was mean to them; that the Husband had told the children to ask the judge to be allowed to live with the Husband; that the Husband had made unfounded calls to HRS reporting that the Wife was abusing the children; that the Husband had called the sheriff's office and reported that the Wife had left the county with the children when the Wife did not answer the telephone; that the Husband had called the sheriff's office and reported that the Wife had abandoned her children when she was late picking them up from visitation; and that the Husband had told the children that the Wife was lying to them.
[3] We caution all trial judges to carefully review a petition seeking an injunction for protection against domestic violence before setting a hearing. If the allegations in the petition do not state a prima facie case, there is no justification for holding a hearing.