786 So.2d 1264 (2001)
Richard T. MOORE, Appellant,
v.
Brenda L. HALL, Appellee.
No. 2D00-960.
District Court of Appeal of Florida, Second District.
June 15, 2001.
*1265 Debra J. Sutton and Diane Buerger of The Law Office of Debra J. Sutton, P.A., Bartow, for Appellant.
No appearance for Appellee.
ALTENBERND, Acting Chief Judge.
Richard Moore appeals an injunction for protection against domestic violence entered against him based upon the petition of Brenda Hall, his former wife. Because the trial court's finding that Ms. Hall had reasonable cause to believe she was in imminent danger of becoming the victim of domestic violence was not supported by competent, substantial evidence, we reverse.
After approximately four years of marriage, Mr. Moore and Ms. Hall were divorced in 1988. The couple had two children, who are currently 18 and 13 years of age. The couple litigated numerous postjudgment proceedings regarding custody of the children from the time of their divorce through the filing of this action. As of October 1999, Mr. Moore had primary residential responsibility for the children.
On November 2, 1999, Ms. Hall obtained an ex parte order granting her temporary custody of the children and permitting law enforcement to assist in the transfer of the children. Ms. Hall's counsel arranged for a deputy sheriff and a process server to accompany her to Mr. Moore's home to serve him with a copy of the order and to retrieve the children. While Ms. Hall's attorney waited in her car, the deputy and the process server went to the door.
When Mr. Moore answered the door, the deputy explained the reason for their visit. At first, Mr. Moore objected to turning over the children, but after some discussion he allowed the process server and the deputy into his home. While the deputy proceeded upstairs to gather the children and some of their belongings, the process server engaged Mr. Moore in small talk. The process server, who himself was divorced, commiserated with Mr. Moore about the difficulties of divorce and dealing with former spouses. During this conversation, Mr. Moore reportedly said, "I should have killed her eleven years ago." After the deputy peacefully retrieved the children, the process server, deputy, children and attorney left. The process server, however, related Mr. Moore's comment to Ms. Hall's attorney.
As a direct result of this comment, Ms. Hall filed a petition for injunction for protection against domestic violence. The petition alleged that Mr. Moore had pushed Ms. Hall once during their marriage and *1266 that she had filed a petition for injunction in 1987, which was dismissed. The petition then alleged that the parties had engaged in custody disputes for ten years and that she had recently obtained an ex parte order granting her temporary custody of the children. Ms. Hall asserted that she feared she would become a victim of domestic violence before the next court hearing because of the comment Mr. Moore made to the process server. Based upon the sworn allegations in the petition, the trial court issued an ex parte temporary injunction and set a date for a final hearing.
At the final hearing, Ms. Hall presented the following evidence to support her contention that she had reasonable cause to believe that she was in imminent danger of becoming a victim of domestic violence:
(1) During the marriage, over eleven years earlier, there had been one incident where Mr. Moore pushed or shoved her.
(2) She had previously sought an injunction in 1987 because Mr. Moore had sent her, through their son, a paper bag containing a statuette of a person with outstretched arms, labeled "I Love You This Much." This statuette was a gift she had previously given to Mr. Moore. When he returned it, there was a knife stuck in its back. This prior petition for injunction was dismissed.
(3) Mr. Moore had told the process server, "I should have killed her eleven years ago."
(4) Since their divorce, Ms. Hall had occasionally seen Mr. Moore while she worked her postal route in neighborhoods in which he did not live or knew only one person. The last time this occurred was over five months before the final hearing on the injunction.
Ms. Hall admitted, however, that there had been no violence between the parties since the time of the divorce and no threats had been made directly to her despite years of vitriolic postjudgment proceedings. In fact, the parties did not speak to each other except through counsel. Although Mr. Moore did not dispute making the comment to the process server, the process server testified it was said in the context of Mr. Moore sharing his frustration about the divorce. The process server himself could not tell whether Mr. Moore was serious or had any intention of harming Ms. Hall.
In order for the court to issue an injunction for protection against domestic violence pursuant to section 741.30, Florida Statutes (1999), Ms. Hall had to prove that she had a reasonable fear that she was in "imminent" or "immediate and present" danger of becoming a victim of domestic violence. See Kopelovich v. Kopelovich, 26 Fla. L. Weekly D934, ___ So.2d ___, 2001 WL 332488 (Fla. Apr. 6, 2001). See also Cleary v. Cleary, 711 So.2d 1302, 1302 n. 1 (Fla. 2d DCA 1998) (affirming issuance of injunction based upon "modest" evidence, but noting that 1997 amendments to section 741.30 require future petitioners to show reasonable cause to believe petitioner is in "imminent danger"). In trying to ascertain whether Mr. Moore posed a threat to Ms. Hall's safety, the trial court was required to consider his current behavior within the context of his relationship with Ms. Hall and its history. See Gustafson v. Mauck, 743 So.2d 614 (Fla. 1st DCA 1999).
The only incident of violence between this couple occurred over twelve years ago, and though it was inappropriate, it was an isolated and modest one. That pushing incident, coupled with the knife in the statuette, may have given Ms. Hall a reasonable fear of imminent domestic violence sufficient to support the issuance of an injunction at that time. At the *1267 time of this hearing, however, twelve years had passed without further violence or threats despite continued litigation between the parties. Thus the principal support for this injunction is simply Mr. Moore's statement to the process server. That statement was not a threat to harm Ms. Hall, but an inappropriate reference to what he "should have done." The process server himself could not tell if Mr. Moore was serious. The statement was not made directly to Ms. Hall, nor is there any indication Mr. Moore intended that the process server would pass the statement on to her as a threat. Under these circumstances, the trial court abused its discretion in finding that the statement made to the process server provided Ms. Hall with an objectively reasonable fear of imminent domestic violence at the hands of Mr. Moore. Id. See also Giallanza v. Giallanza, 787 So.2d 162 (Fla. 2d DCA 2001).
Accordingly, we reverse the trial court's order.
FULMER and SALCINES, JJ., Concur.