901 So.2d 372 (2005)
Leon YOUNG, Appellant,
v.
Shelitha Kay SMITH, Appellee.
No. 2D03-4596.
District Court of Appeal of Florida, Second District.
May 11, 2005.
Andrew Bevan, Fort Myers, for Appellant.
No appearance for Appellee.
ALTENBERND, Chief Judge.
Leon Young appeals a final judgment of injunction for protection against domestic violence entered against him pursuant to section 741.30, Florida Statutes (2003). Although the petition filed by Shelitha Kay Smith in this case contained allegations that permitted the trial court to enter an ex parte temporary injunction, Ms. Smith failed to prove those allegations at the evidentiary hearing. Thus, the trial court erred when it entered the final judgment.
Mr. Young had a relationship with Ms. Smith for several years. The couple lived together and had two children. The relationship apparently deteriorated in the spring of 2003. Ms. Smith filed a pro se petition for injunction in May 2003, seeking exclusive use of their home, custody of the children, and child support. She claimed that Mr. Young, who was a law enforcement officer, had threatened her with a gun, kicked in her bedroom window, taken items from her home, and frightened the children by yelling and screaming at her.
*373 In order to be entitled to a domestic violence injunction, Ms. Smith was required to establish either that she had been the victim of an act of domestic violence or that she had reasonable cause to believe she was in imminent danger of becoming the victim of an act of domestic violence. See § 741.30(1)(a); see also Giallanza v. Giallanza, 787 So.2d 162, 164 (Fla. 2d DCA 2001). At the evidentiary hearing, Ms. Smith did not testify that she had ever been a victim of past domestic violence at the hand of Mr. Young. She attempted to prove that she had reasonable cause to believe that she was in imminent danger. Significantly, she recanted her sworn allegation in her petition that Mr. Young had threatened her with a gun. Instead, she claimed that Mr. Young had threatened suicide if the relationship could not be rekindled.
As to the incident involving her bedroom window, Ms. Smith testified that, during the period when the couple's relationship was breaking down and they were frequently arguing with one another, she came home to find her window broken. She called Mr. Young, seeking his advice as a police officer. Ms. Smith testified that Mr. Young told her to file a police report. At no time prior to the hearing did Ms. Smith ever accuse Mr. Young of breaking the window, nor was there any evidence indicating that he was involved.
Finally, at the hearing, Ms. Smith claimed that Mr. Young had made harassing phone calls to her. However, in Giallanza, we held that the statutory definition of "domestic violence" requires some showing of violence or a threat of violence and that general harassment does not suffice. 787 So.2d at 165 (citing Gustafson v. Mauck, 743 So.2d 614, 616 (Fla. 1st DCA 1999) (holding that harassing phone messages left on answering machine did not give petitioner any objectively reasonable grounds to fear that she was in imminent danger of violence)). Nothing in evidence would suggest that Mr. Young's telephone calls gave Ms. Smith reasonable cause to believe she was in imminent danger.
We note that, at the conclusion of the hearing, the trial judge suggested that he would prefer to enter a "no contact" order in a pending paternity action instead of this injunction. Ms. Smith objected to this suggestion. The final judgment of injunction gave her temporary custody of the children and limited Mr. Young's visitation rights. We understand the temptation to use a domestic violence injunction as a temporary "divorce" between unmarried couples with children. However, a determination that a person had either victimized a domestic partner with an act of violence or placed that domestic partner in reasonable fear of imminent danger, is a serious finding of fact that can have many unintended collateral consequences. The evidence in this case did not present a prima facie case for the entry of an injunction, and the trial court erred when it entered this final judgment.
Reversed.
WHATLEY and SILBERMAN, JJ., concur.