960 So.2d 902 (2007)
William Harvey OETTMEIER, Appellant,
v.
Delores Elaine OETTMEIER, Appellee.
No. 2D06-5540.
District Court of Appeal of Florida, Second District.
July 20, 2007.
Debra A. Rowe, Fort Myers, for Appellant.
Karen S. Beavin of McGowan, Lucarelli & Quinn, P.A., Naples, for Appellee.
PER CURIAM.
William Oettmeier appeals from the trial court's final judgment of injunction for protection against domestic violence without minor children based on the petition filed by his wife, Delores Oettmeier. Because the evidence presented failed to show that Mrs. Oettmeier had an objectively reasonable cause to believe that she was in imminent danger of becoming the victim of an act of domestic violence, we reverse.
On October 16, 2006, after approximately nine years of marriage, Mrs. Oettmeier asked her husband for a divorce and asked him to move out of the marital home, which she had owned in her own name since before the marriage. Mr. Oettmeier moved out the same day, and Mrs. Oettmeier changed the locks. After he departed, Mrs. Oettmeier found, inter alia, a loaded gun and a pair of slippers in a closet, which she viewed as a sign that Mr. Oettmeier planned to harm her. Notably, *903 the gun turned out to be a BB gun. Mrs. Oettmeier maintained that she knew nothing about guns and had no way of knowing it was a BB gun. Regardless, after finding the gun, she placed it in the trunk of her car. Thereafter, on October 26, 2006, as Mrs. Oettmeier was returning home, she saw Mr. Oettmeier's truck parked in plain view in her driveway. Upon realizing that he had somehow entered the home, she drove away, parked in a nearby parking lot, and called the sheriff's department to ask for an escort back to her home. Mr. Oettmeier had obtained the services of a locksmith, who made him a key, which he used to enter the home in Mrs. Oettmeier's absence.
After being advised by the responding deputy that "there wasn't anything he could do," Mrs. Oettmeier filed a petition the next day for protection against domestic violence. In the petition, she noted that the parties were married for approximately nine years and that she had known Mr. Oettmeier for fourteen years. She further alleged that Mr. Oettmeier (1) moved out of the home on October 16, 2006, at her request, taking most of his personal belongings except, among other things, a loaded gun in the closet, which she concluded was a threat; (2) left angry messages on her cell phone and notes at the home; (3) "broke into" the home with the aid of a locksmith after having moved out; (4) spit on her face and pushed her away when she tried to kiss him approximately nine months earlier; (5) is a very heavy drinker who becomes depressed and angry when he drinks; (6) beat on the door and walls of the home and on one occasion smashed a trash can in the kitchen; (7) threatened to make her life miserable if she did not offer to buy him out; and (8) has a mental health problem but does not take his medication. More important, Mrs. Oettmeier did not allege that Mr. Oettmeier ever physically harmed her or that he verbally threatened to physically harm her.
During the hearing on her petition, Mrs. Oettmeier repeated most of the above and added that Mr. Oettmeier at some time during their relationship had once asked her to commit suicide with him. She further stated that he had several guns but that he reported only two of them in response to the temporary ex parte injunction order. She also testified that when she and the deputy returned to the home on the evening of October 26, they arrived to find Mr. Oettmeier in a bathroom and that from behind the bathroom's locked door, he informed Mrs. Oettmeier of the extent to which he hated her and her family and told her that he was going to make her miserable "until the end." Upon the termination of the cross-examination of Mrs. Oettmeier by Mr. Oettmeier's attorney, the trial court announced that it would grant the injunction.[1] Subsequently, Mr. Oettmeier made an unsworn statement to the court stating that the BB gun was only one of many things actually left in the house when he moved out on October 16, 2006, that he sold all of his other weapons long before that time, and that Mrs. Oettmeier was aware of this.
Section 741.30(1)(a), Florida Statutes (2006), provides that a person with *904 "reasonable cause to believe he or she is in imminent danger of becoming the victim of any act of domestic violence" may obtain an injunction for protection against domestic violence. See also Moore v. Hall, 786 So.2d 1264 (Fla. 2d DCA 2001). Although Mrs. Oettmeier's allegations paint a picture of a heavy drinker, prone to depression and anger, who was irate about being kicked out of the marital home and was apparently convinced he was entitled to some sort of property division of Mrs. Oettmeier's property, the incidents described by Mrs. Oettmeier do not support a reasonable fear of imminent domestic violence sufficient to support the issuance of a permanent injunction. Mrs. Oettmeier's strongest contention supporting her belief that her husband meant to harm her involved the fact that he left a BB gun in the closet. However, on October 26, 2006, when she called the sheriff's department for assistance,[2] the BB gun was in the trunk of her own car. Moreover, she testified that she gave Mr. Oettmeier "until [November 1] to get all of his furniture and his belongings out."
Although an act of domestic violence need not be completed before one may seek injunctive relief, if fear alone is the "reasonable cause" alleged to support the injunction, then not only must the danger feared be imminent but the rationale for the fear must be objectively reasonable as well. Gustafson v. Mauck, 743 So.2d 614, 615 (Fla. 1st DCA 1999). Absent this objective reasonableness, a petitioner's belief is unsubstantiated speculation that does not support the entry of an injunction. See id. at 615-16. Here, even considering the cumulative nature of Mrs. Oettmeier's allegations and her history with Mr. Oettmeier, what was painted was a typical, albeit unfortunate, picture of a domestic relationship gone awry. See id. at 616 (holding that in determining whether a permanent injunction should issue, a court must consider the history of the relationship); see also Young v. Smith, 901 So.2d 372, 373 (Fla. 2d DCA 2005) (noting that general harassment does not suffice to establish a showing of violence or a threat of violence). The trial court remarked, "I believe that Ms. Oettmeier was afraid, nervous and in fear, so I'm going to grant the injunction, but I am certainly opened [sic] if you want to roll this into the divorce you can do that." Thus, even if the trial court believed that Mrs. Oettmeier's fear was subjectively real, the trial court set forth no rational basis to support why this fear should be deemed objectively reasonable. Having reviewed the record, we find no rational basis ourselves.
Finally, we note that the denial of a domestic violence injunction does not preclude the petitioner from seeking alternate remedies in domestic relations court, such as exclusive use and possession of a marital home. See Young, 901 So.2d at 373 (noting that a domestic violence injunction should not be used as a "temporary divorce," especially in light of the potential, serious consequences, even if unintended, of a permanent injunction). Indeed, Mrs. Oettmeier's attorney argued to the court:
Your Honor, if we could get a temporary order in this court to that effect and extend this temporary [sic] pending filing and getting the appropriate order in family court, that would probably allieve [sic] my client's fears, but to totally dump this based on his promise not to do certain things, she had to call the sheriff to get [a deputy sheriff] to come into the house she was so afraid.
*905 We conclude there was not competent, substantial evidence to support a finding by the trial court that Mrs. Oettmeier had an objectively reasonable fear of imminent domestic violence at the hands of Mr. Oettmeier. Therefore, the issuance of the permanent injunction constituted an abuse of the trial court's discretion.
Accordingly, we reverse the trial court's order and remand with directions to the trial court to enter an order vacating the permanent injunction.
DAVIS and VILLANTI, JJ., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] The record indicates that Mr. Oettmeier was never sworn as a witness and was not afforded the opportunity to present a defense or testify prior to the trial court's announcement that it would grant the injunction. This is contrary to the intent of section 741.30(6), Florida Statutes (2006), and Florida Rule of Family Law Procedure 12.610(c)(1)(C), which contemplate a full evidentiary hearing prior to entering an injunction. See Lewis v. Lewis, 689 So.2d 1271 (Fla. 1st DCA 1997); see also Semple v. Semple, 763 So.2d 484 (Fla. 4th DCA 2000). However, Mr. Oettmeier does not raise this issue on appeal.
[2] We do not dispute the appropriateness of Mrs. Oettmeier's decision to seek the services of a deputy sheriff under these facts, only the trial court's decision to grant a permanent injunction upon the limited evidence adduced at the return/final hearing.