993 So.2d 98 (2008)
Joseph T. AMBREFE, Jr., Appellant,
v.
Denise Rizzo AMBREFE, Appellee.
No. 2D08-433.
District Court of Appeal of Florida, Second District.
October 15, 2008.
Brett R. Rahall of Brett Rahall, P.A., Tampa, for Appellant.
Jane H. Grossman of Law Office of Jane H. Grossman, St. Petersburg, for Appellee.
WHATLEY, Judge.
Joseph T. Ambrefe, Jr., appeals the final judgment of injunction against domestic violence with child entered after his wife, Denise Rizzo Ambrefe, filed a petition seeking same. We reverse.
Section 741.30, Florida Statutes (2007), creates a cause of action for an injunction for protection against domestic violence. A court may issue an injunction when it appears that the petitioner is either the victim of domestic violence or "has reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence." § 741.30(6)(a). At the hearing in this case, the trial court entered the injunction after stating the following:
My concern, of course, right now is whether there's an immediate threat of harm or danger, and if he's [Mr. Ambrefe] gone a lot, then it doesn't sound like that that's necessarily something that's right there at the forefront. But the circumstances surrounding, you know, this dysfunction that occurred during theright after the cartoon watching and before the prelude to the yard work concerns me that the parents are using the child to work out whatever unresolved issues they have. And that'sit just didn't get any more wrong than that. And I'm not finding fault with either party.... I'm going to grant the injunction....
The trial court began its statement focused on the proper inquiry of whether Mrs. Ambrefe had presented sufficient evidence that she had a reasonable fear that *99 she and her son were in imminent danger of domestic violence by Mr. Ambrefe. The court essentially found a lack of evidence of imminent danger, and this finding is supported by the testimony at the hearing. The court abused its discretion in entering the injunction when the requisite evidence was lacking. See Oettmeier v. Oettmeier, 960 So.2d 902 (Fla. 2d DCA 2007); Moore v. Hall, 786 So.2d 1264 (Fla. 2d DCA 2001). The court's belief that the parents were improperly using the child to work out their marital issues is irrelevant to the inquiry required by section 741.30(6)(a).
Accordingly, we reverse and remand with directions to the trial court to vacate the injunction.
SILBERMAN and LaROSE, JJ., Concur.