KELLY, Judge.
 

 Leah Muse appeals from a final judgment of injunction for protection against domestic violence "with minor children. The injunction was entered pursuant to section 741.30, Florida Statutes (2008), which states:
 

 (6)(a) Upon notice and hearing, when it appears to the court that the petitioner is either the victim of domestic violence as defined by s. 741.28 or has reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence, the court may grant such relief as the court deems proper, including an injunction.
 

 Accordingly, before an injunction may be entered, the court must have before it evidence that would give it “reasonable cause to believe” the minor children are “in imminent danger of becoming a victim of domestic violence.”
 
 See Young v. Smith,
 
 901 So.2d 372, 373 (Fla. 2d DCA 2005);
 
 Giallanza v. Giallanza,
 
 787 So.2d 162, 165 (Fla. 2d DCA 2001). Domestic violence is defined in section 741.28(2), Florida Statutes (2008), as certain violent
 
 *233
 
 or harmful criminal acts between family or household members.
 

 The record before the trial court was devoid of any evidence that would have permitted the requisite finding. Joshua Muse did not present any sworn testimony or evidence, and the unsworn assertions that provided the basis for his motion can only be characterized as his subjective fear that “something bad might happen” to his children because of Leah Muse’s alleged relationships with third parties. His subjective fear is insufficient to warrant the entry of an injunction under section 741.30.
 
 See Oettmeier v. Oettmeier,
 
 960 So.2d 902, 903 (Fla. 2d DCA 2007) (holding that petitioner’s subjective fear was not enough to meet the standard required in section 741.30(l)(a)). Accordingly, we reverse the final judgment of injunction.
 

 Reversed.
 

 CASANUEVA, C.J., and CRENSHAW, J., Concur.