MAY, J.
Malchan appeals an injunction entered against him for protection against domestic violence. He argues the trial court erred in entering an injunction based on a disputed event that occurred three years prior. We agree and reverse.
In July 2008, the mother of Malclian’s child filed a petition for injunction for protection against domestic violence. The petition alleged that in 2005, Malchan punched a wall in their home, pushed her into a wall, tried to choke her, and told her that he was going to kill her. There were no allegations of recent violence or threats of violence.
At the hearing, the mother alleged that Malchan had physically assaulted and threatened to harm her in 2005. When the judge asked why she wanted the injunction, she replied: “I’m just scared.” She claimed to be scared because she was planning to file for child support and that Malchan had a temper. She told the court that Malchan is very verbal, but that he had not threatened to kill her or her child since 2005. Even then, she did not call the police because she was scared.
The mother spoke with Malchan three weeks before the hearing. He called to ask if he could take their son to Orlando; she told him no. She testified that Mal-chan was good to their son and did not threaten the child’s safety.
Malchan testified he saw the mother three weeks prior to the hearing when he returned their son after a birthday party. He denied the 2005 incident described by the child’s mother. He admitted a prior criminal history of possession of marijuana and assault without violence on a law enforcement officer. He did not own any weapons, firearms, or ammunition. When asked, Malchan testified that he thought the motive for the injunction was his new girlfriend. The mother had been acting vindictive because she claimed to still love him.
The trial court granted the injunction and ordered Malchan to attend a thirteen-week anger management program. Mal-chan now appeals the injunction.
An order imposing a permanent injunction will be affirmed absent a showdng of abuse of discretion. Reiss v. Reiss, 17 So.3d 849, 850 (Fla. 3d DCA 2009).
“A court may issue an injunction when it appears that the petitioner is either the victim of domestic violence or ‘has reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence.’ ” Ambrefe v. Ambrefe, 993 So.2d 98, 98 (Fla. 2d DCA 2008) (quoting section 741.30(1)(a), Florida Statutes). In determining whether the victim’s fear is reasonable, “the trial court must consider the current allegations, the parties’ behavior within the relationship, and the history of the relationship as a whole. Giallanza v. Giallanza, 787 So.2d 162, 164 (Fla. 2d DCA 2001) (citing Gustafson v. Mauck, 743 So.2d 614, 616 (Fla. 1st DCA 1999)).
Here, the mother failed to present sufficient evidence that she had a reasonable fear of imminent danger of domestic violence. Her only basis for requesting the injunction was a disputed incident three years before and a subjective fear that her anticipated request for child support might cause Malchan to become angry. The mother never alleged any recent violence or threats of violence. See, e.g., Moore v. Hall, 786 So.2d 1264, 1266-67 (Fla. 2d DCA 2001) (a pushing incident, coupled with a knife in a statuette, was insufficient to support the issuance of an injunction when it occurred twelve years *455 prior and there had been no further violence or threats).
The trial court is also required to consider current behavior. Gustafson, 743 So.2d at 616. Here, Malcharis current behavior consisted of civility between the parties in determining visitation and child support issues. There had been no violence or threat of violence in the past three years. The only concerns expressed were Mal-charis temper, his verbal response when the mother refused to allow their son to go to Orlando, and her worry that Malchan placed blame on the mother. This is simply insufficient to support an objective reasonable fear of imminent violence. We therefore reverse and remand the case to the trial court to vacate the injunction.

Reversed and Remanded.

GROSS. C.J., and CIKLIN, J., concur.