ALTENBERND, Judge.
 

 Douglas E. Jones appeals the trial court’s order granting a final injunction for protection against domestic violence in favor of his former wife, Vicki L. Jones. Because Ms. Jones did not present competent, substantial evidence to support a finding that she possessed an objectively reasonable fear of imminent domestic violence, we reverse.
 
 See Oettmeier v. Oettmeier,
 
 960 So.2d 902 (Fla. 2d DCA 2007).
 

 The Joneses were divorced by a decree of a Virginia court in November 2008. During their marriage, Mr. and Mrs. Jones were members of the armed forces. Since the divorce, they have maintained joint custody over their daughter. Ms. Jones and the couple’s daughter have lived in Florida since 2007.
 

 In December 2008, Ms. Jones filed her petition for injunction for protection against domestic violence in Hillsborough County. On December 16, the court held a hearing on the injunction. During the hearing, Ms. Jones first recounted an incident in 2005, prior to the Joneses’ divorce, in which Mr. Jones had pushed Ms. Jones and hit a tray on which she was carrying a sandwich. She also recalled a comment Mr. Jones made in 1997, while in a Special Forces unit of the military, that he often thought about his ability to seriously harm people who were in his field of vision.
 

 Regarding the most recent incidents supporting her request, Ms. Jones said her daughter had called her over Thanksgiving 2008 from a hotel room while the daughter was visiting Mr. Jones in Orlando. Ms. Jones testified that her daughter was upset about the visitation arrangement. Ms. Jones did not mention any threat Mr. Jones had made against Ms. Jones or the daughter.
 

 Ms. Jones further testified that on December 3, 2008, Mr. Jones emailed her, seeking the return of some of his personal belongings and other items that were identified in the divorce decree. Mr. Jones thereafter arrived at the pediatric clinic where Ms. Jones worked as a military employee and spoke with people at the front desk, asking how to obtain copies of his daughter’s medical records from the military. After learning of this visit, Ms. Jones called Mr. Jones and asked why he had been at the clinic. He explained that he had requested his daughter’s records and mentioned his effort to pick up his personal belongings. Mr. Jones then indicated he would be at Ms. Jones’s residence that evening. Ms. Jones responded that she took his statement as a threat. Ms. Jones asked Mr. Jones if he was threatening her and, according to Ms. Jones, he responded, “Not yet.” According to Ms. Jones, after this phone call, the military relocated her to a different residence. The following day, an alarm went off at her previous residence. No testimony was given to explain this alarm. There is no evidence connecting the sounding of this alarm to Mr. Jones.
 

 In his testimony, Mr. Jones, who lives in another state, explained that he had stayed with his daughter at hotels in Orlando during his November 2008 visit. At the time, he had been trying to obtain some of his daughter’s medical records, to which the divorce decree ensured joint access. On December 3, because he was still in Florida, Mr. Jones went to the clinic where Ms. Jones worked, asked how to request his daughter’s medical records, and was
 
 *774
 
 provided the necessary paperwork to request the records.
 

 At the conclusion of the hearing, the trial court granted the injunction for a period of one year. The injunction prohibited Mr. Jones from contacting Ms. Jones and required that custody exchanges of the Joneses’ daughter take place at the local sheriffs office.
 
 [1]
 

 “A court may issue an injunction when it appears that the petitioner is either the victim of domestic violence or ‘has reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence.’ ”
 
 Ambrefe v. Ambrefe,
 
 993 So.2d 98, 98 (Fla. 2d DCA 2008) (quoting § 741.30(1)(a), Fla. Stat. (2007)). In determining whether the victim’s fear is reasonable, “the trial court must consider the current allegations, the parties’ behavior within the relationship, and the history of the relationship as a whole.”
 
 Giallanza v. Giallanza,
 
 787 So.2d 162, 164 (Fla. 2d DCA 2001) (citing
 
 Gustafson v. Maude,
 
 743 So.2d 614, 616 (Fla. 1st DCA 1999));
 
 see also
 
 § 741.30(6)(b), Fla. Stat. (2008).
 

 Ms. Jones did not present any evidence that she had been the victim of domestic violence. She relied exclusively on the theory that she had a reasonable fear that she was in imminent danger of becoming a victim of domestic violence. Her primary basis for requesting the injunction was a circumstance in which Mr. Jones had sought items to which he was ensured access under the divorce decree. Viewed in the context of the parties’ relationship, Mr. Jones’s appearance at Ms. Jones’s place of employment — following his Thanksgiving custody visit — could not be reasonably interpreted as a threat of violence. As recounted by Ms. Jones, Mr. Jones did not make any threat of violence. These circumstances did not involve any violence or any threat of violence against Ms. Jones or the Joneses’ daughter.
 
 See, e.g., Moore v. Hall,
 
 786 So.2d 1264, 1266-67 (Fla. 2d DCA 2001) (holding incidents twelve years prior did not support issuance of injunction where there had been no further violence or threats);
 
 Gustafson,
 
 743 So.2d at 615 (holding husband’s telephone messages asking the wife to contact him did not support issuance of injunction). Accordingly, we reverse and remand with directions to vacate the final judgment of injunction.
 

 SILBERMAN and VILLANTI, JJ., Concur.
 

 [1]
 

 . Presumably, this injunction has already expired and was not renewed. We do not treat the order on appeal as moot because we are concerned about the potential collateral effects of such an order on Mr. Jones.