NORTHCUTT, Judge.
Sergio Sanchez appeals a final judgment granting to his estranged wife an injunction for protection against domestic violence. We agree that the evidence was insufficient to support the injunction, and we reverse. ■
Section 741.30, Florida Statutes (2008), authorizes a circuit court to grant an injunction for protection to any person “who is either the victim of domestic violence ... or has reasonable cause to believe he or she is in imminent danger of becoming the victim of any act of domestic violence.” § 741.30(l)(a). Domestic violence is defined as “any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physi *200 cal injury or death of one family or household member by another family or household member.” § 741.28(2). Section 741.30(6)(b) provides guidance on the relevant factors to be considered by the circuit court:
In determining whether a petitioner has reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence, the court shall consider and evaluate all relevant factors alleged in the petition, including, but not limited to:
1. The history between the petitioner and the respondent, including threats, harassment, stalking, and physical abuse.
2. Whether the respondent has attempted to harm the petitioner or family members or individuals closely associated with the petitioner.
3. Whether the respondent has threatened to conceal, kidnap, or harm the petitioner’s child or children.
4. Whether the respondent has intentionally injured or killed a family pet.
5. Whether the respondent has used, or has threatened to use, against the petitioner any weapons such as guns or knives.
6. Whether the respondent has physically restrained the petitioner from leaving the home or calling law enforcement.
7. Whether the respondent has a criminal history involving violence or the threat of violence.
8. The existence of a verifiable order of protection issued previously or from another jurisdiction.
9. Whether the respondent has destroyed personal property, including, but not limited to, telephones or other communications equipment, clothing, or other items belonging to the petitioner.
10.Whether the respondent engaged in any other behavior or conduct that leads the petitioner to have reasonable cause to believe that he or she is in imminent danger of becoming a victim of domestic violence.
In this case, Ms. Sanchez gave unsubstantiated, hearsay testimony relating to only one statutory factor, i.e., harm to a family member (the parties’ daughter). Ms. Sanchez offered no reason to believe that she herself was in imminent danger of becoming a victim of domestic violence. See Jones v. Jones, 32 So.3d 772 (Fla. 2d DCA 2010) (stating that petitioner must produce competent, substantial evidence to show objectively reasonable fear of imminent domestic violence); Muse v. Muse ex rel. Muse, 27 So.3d 232 (Fla. 2d DCA 2010) (noting that subjective fears of domestic violence are not sufficient grounds for injunction).
Because the evidence was insufficient to support an injunction for Ms. Sanchez’s protection, we reverse the injunction under review. We note that the circuit court did not issue an injunction for the daughter’s protection, and therefore we do not address whether the evidence was sufficient to warrant such an injunction.
Reversed.
VILLANTI and CRENSHAW, JJ., Concur.