*1152
 
 WALLACE, Judge.
 

 Katarzyna Moriggia challenges a final judgment of injunction for protection against domestic violence with minor children after notice in favor of Oscar S. Mor-iggia. Because there was no evidence that the petitioner was either the victim of domestic violence or had reasonable cause to believe he was in imminent danger of becoming a victim of domestic violence, we reverse.
 

 Domestic violence is defined as “any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member.” § 741.28(2), Fla. Stat. (2009).
 

 “A court may issue an injunction when it appears that the petitioner is either the victim of domestic violence or ‘has reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence.’ ”
 
 Ambrefe v. Ambrefe,
 
 993 So.2d 98, 98 (Fla. 2d DCA 2008) (quoting 741.30(l)(a), Fla. Stat. (2007)). In determining whether the victim’s fear is reasonable, “the trial court must consider the current allegations, the parties’ behavior within the relationship, and the history of the relationship as a whole.”
 
 Giallanza v. Giallanza,
 
 787 So.2d 162, 164 (Fla. 2d DCA 2001) (citing
 
 Gustafson v. Maude,
 
 743 So.2d 614, 616 (Fla. 1st DCA 1999));
 
 see also
 
 741.30(6)(b), Fla. Stat. (2008).
 

 Jones v. Jones,
 
 32 So.3d 772, 774 (Fla. 2d DCA 2010).
 

 In this case, there is no evidentiary support for the proposition that Katarzyna has been physically abusive toward Oscar. Similarly, there is nothing to support the conclusion that Oscar has reasonable cause to believe that he will be the victim of domestic violence. In fact, the only testimony presented at the hearing about physical abuse between Oscar and Katarzyna was that Oscar had abused Katarzyna— not the other way around.
 

 For these reasons, the trial court erred in entering the final judgment for protection against domestic violence. Accordingly, we reverse the final judgment of injunction.
 

 Reversed.
 

 CASANUEVA, C.J., and CRENSHAW, J., Concur.