NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JASON RICHARD BRANSON,          )
                                )
          Appellant,            )
                                )
v.                              )          Case No. 2D12-3827
                                )
KOREN RODRIGUEZ-LINARES,        )
                                )
          Appellee.             )
_____)

Opinion filed July 25, 2014.

Appeal from the Circuit Court for
Hillsborough County; Lawrence M. Lefler,
Judge.

Joseph J. Registrato, Tampa, for
Appellant.

Koren Rodriguez-Linares, pro se.


ALTENBERND, Judge.

          Jason Richard Branson appeals a final judgment of injunction for

protection against domestic violence without minor children that was issued for the

protection of Koren Rodriguez-Linares.  Ms. Rodriguez-Linares, in essence, alleged that

she was a victim of cyberstalking.  Although stalking, especially cyberstalking, may not

appear intuitively to be an act of violence, for purposes of section 741.30(1)(a), Florida

Statutes (2011), it is.  Accordingly, we affirm the order on appeal.

The trial court entered the injunction based upon its conclusion that Mr. Branson stalked Ms. Rodriguez-Linares via electronic mail. The trial court found that Mr. Branson did not threaten Ms. Rodriguez-Linares but that he did stalk her "with about 300 e-mails in a month and a half." In this appeal, Mr. Branson does not argue that the trial court erred in concluding that he had stalked Ms. Rodriguez-Linares. Rather, he argues that the domestic violence injunction must be reversed because he did not threaten Ms. Rodriguez-Linares and because she suffered no violence.

A domestic violence injunction may be entered in favor of a person who is "either the victim of domestic violence as defined in s. 741.28 or [who] has reasonable cause to believe he or she is in imminent danger of becoming the victim of any act of domestic violence." § 741.30(1)(a) (emphasis added). Section 741.28(2) states:

> "Domestic violence" means any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member.

§ 741.28(2) (emphasis added).

Chapter 741 does not provide a definition for the criminal offenses listed in section 741.28(2). We thus look to the statute that proscribes stalking to determine the essential elements of that offense.

Stalking occurs when a person "willfully, maliciously, and repeatedly follows, harasses, or cyberstalks" another. § 784.048(2), Fla. Stat. (2011). Cf. § 784.048(3) (aggravated stalking occurs when a person "willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person and makes a credible threat to that person" (emphasis added)).

"Cyberstalk" means to engage in a course of conduct to communicate, or to cause to be communicated, words, images, or language by or through the use of electronic mail or electronic communication, directed at a specific person, causing substantial emotional distress to that person and serving no legitimate purpose.

§ 784.048(1)(d).

Mr. Branson primarily relies on cases in which the facts of the case in light of the language of the statute and the theory presented by the petitioner required the petitioner to prove a past act or a risk of a future act that would fall within a common definition of violence. These cases did not involve a theory that the victim had recently been the victim of an offense within the definition of "domestic violence." Instead, the acts were relied on primarily to demonstrate the alternative theory that the petitioner was at risk of imminent danger of such violence. In Young v. Smith, 901 So. 2d 372, 373 (Fla. 2d DCA 2005), for example, although there was evidence of "harassing phone calls," the petitioner apparently did not attempt to prove that the calls arose to the level of a stalking offense. Thus, the injunction against domestic violence could not be issued based on the nonthreatening telephone calls. In Giallanza v. Giallanza, 787 So. 2d 162, 163-65 (Fla. 2d DCA 2001), this court held that an injunction could not be extended based on proof of "general harassment." Although we stated that "[t]he statutory definition of 'domestic violence' requires some showing of violence or a threat of violence," id. at 165, the opinion did not examine the offense of stalking as an act of domestic violence. In Randolph v. Rich, 58 So. 3d 290 (Fla. 1st DCA 2011), the First District concluded that the former husband's attempt to snatch papers out of the former wife's hands, without touching her, while at their child's school was insufficient to support the injunction. The court explained: "the law requires more than general

relationship problems and uncivil behavior to support the issuance of an injunction." Id.

at 292. In Gustafson v. Mauck, 743 So. 2d 614, 615-16 (Fla. 1st DCA 1999), the First

District reversed a domestic violence injunction where the petitioner's evidence included

proof of "apparently innocuous" telephone calls. It is clear from the opinion that the

calls were insufficient to establish stalking. Thus, the petitioner in Gustafson was

relying on the calls not to prove recent stalking as a completed act of domestic violence,

but rather to establish that "she was in imminent danger of violence at Mr. Gustafson's

hands."[1]

We have no disagreement with any of these cases.[2] For most of the

offenses delineated in the definition of "domestic violence" the offense is an act of

"violence" as that term is used in ordinary parlance. But the statute plainly permits the

entry of an injunction for a person who is the victim of "stalking." Thus, proof of recent

stalking can be sufficient to establish the act of "violence" required for the issuance of a

section 741.30(1)(a) domestic violence injunction. See, e.g., Steven Scott Stephens,

---

[1]The only case relied upon by Mr. Branson that actually addressed cyberstalking concluded that the subject acts did not fall within the definitional language of the offense that is set forth in section 784.048(1)(d). See Young v. Young, 96 So. 3d 478, 479 (Fla. 1st DCA 2012) (reversing a domestic violence injunction, the court explained that Ms. Young's "acts . . . , which consisted of changing her husband's password, appropriating his emails, and including them in a filing in their divorce proceeding, do not amount to cyberstalking, because they were not electronic communications by her of 'words, images, or language . . . directed at' Mr. Young").

[2]Although not cited by Mr. Branson, we note the Fourth District's recent decision in Stone v. Stone, 128 So. 3d 239 (Fla. 4th DCA 2013), in which the court reversed an injunction where, among other allegations, there was evidence of numerous text messages and telephone calls. It does not appear that the petitioner argued that she was a victim of stalking. We express no conflict with that case because we are not convinced that the case was litigated as a request for an injunction based on a recent offense of stalking, the elements of which might not have been provable under the facts of the case.

"Injunction for protection—Stalking," in Fla. Family Law § 14:14 (23 West's Fla. Practice Series 2012 ed.). Cf. § 784.0485(1), Fla. Stat. (2012) (providing for civil injunctive relief for protection against stalking or cyberstalking). If such an act of violence is sufficiently established and if it is between "family or household member[s]" as defined in section 741.28(3), the petitioner is not also required to demonstrate reasonable cause to believe that he or she is in imminent danger of becoming the victim of any future act of domestic violence.

Admittedly, there is some ambiguity in the final words of the definition of "domestic violence." If stalking were a qualifying offense only if it resulted in physical injury or death, then Ms. Rodriguez-Linares would not have proven her case. The statutory definition of "domestic violence" quoted in this opinion ends: "or any criminal offense resulting in physical injury or death of one family or household member by another family or household member." As we read it, the final qualification, "of one family or household member by another family or household member," applies to all of the offenses delineated in the definition. That is the language that makes the violence "domestic." We do not read "resulting in physical injury or death" to apply to any of the delineated offenses. Instead, we read it to apply only to the nonspecific provision for "any criminal offense."[3] Thus, at least some of the offenses delineated in the statute, such as assault, battery, kidnapping, false imprisonment, aggravated stalking, and stalking, do not need to result in physical injury or death to qualify as acts of domestic

_____

[3] Cf. § 784.046(1)(a) (providing that "violence" in the context of actions for injunctions for protection based on repeat violence, sexual violence, or dating violence means "any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death, by a person against any other person").

violence.  <u>But see</u> <u>Brown v. State</u>, 21 So. 3d 108 (Fla. 4th DCA 2009) (using a more restrictive definition of "domestic violence" for the application of the domestic violence multiplier in criminal sentencing).

Affirmed.

NORTHCUTT and LaROSE, JJ., Concur.