NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MATTHEW LANE PHILLIPS,              )
                                   )
          Appellant,                )
                                   )
v.                                 )          Case No.   2D13-1233
                                   )
NOFAR PHILLIPS,                     )
                                   )
          Appellee.                 )
_____)

Opinion filed November 7, 2014.

Appeal from the Circuit Court for
Pinellas County; Amy M. Williams,
Judge.

Annette Marie Lang and Robert E.
Biasotti of Biasotti and Associates,
St. Petersburg, for Appellant.

No appearance for Appellee.


KELLY, Judge.

          Matthew Lane Phillips appeals an injunction for protection against

domestic violence entered in favor of his estranged wife, Nofar Phillips.  He argues that

the trial court abused its discretion by entering the injunction because Mrs. Phillips failed

to establish that she had reasonable cause to believe she was in imminent danger of becoming the victim of domestic violence. We agree and reverse.

In order for the trial court to issue an injunction for protection against domestic violence, the party seeking the injunction must establish that he or she has an objectively reasonable fear that he or she is in "imminent danger of becoming the victim of any act of domestic violence." § 741.30(1)(a), Fla. Stat. (2012); see Oettmeier v. Oettmeier, 960 So. 2d 902, 904 (Fla. 2d DCA 2007); Moore v. Hall, 786 So. 2d 1264, 1266 (Fla. 2d DCA 2001). In determining whether the victim's fear is reasonable, "the trial court must consider the current allegations, the parties' behavior within the relationship, and the history of the relationship as a whole." Giallanza v. Giallanza, 787 So. 2d 162, 164 (Fla. 2d DCA 2001) (citing Gustafson v. Mauck, 743 So. 2d 614, 616 (Fla. 1st DCA 1999)).

Here, the evidence was legally insufficient to meet the statutory requirements for issuance of a domestic violence injunction. Despite the allegations in her petition, Mrs. Phillips acknowledged in her testimony at the injunction hearing that there had been no violence or threats of violence from Mr. Phillips since the parties' separation four months before she filed the domestic violence petition. Because Mrs. Phillips failed to establish that she was the victim of domestic violence or that she had a reasonable fear of becoming the victim of domestic violence, we reverse. See Oettmeier, 960 So. 2d at 905; Moore, 786 So. 2d at 1267.

Although the injunction has expired, we reverse and remand with instructions to vacate the injunction because of the unintended collateral consequences

that may result from such a judgment.  See Young v. Smith, 901 So. 2d 372, 373 (Fla. 2d DCA 2005); Stone v. Stone, 128 So. 3d 239, 242 (Fla. 4th DCA 2013).

Reversed and remanded.

VILLANTI and LaROSE, JJ., Concur.