NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


MATTHEW LANE PHILLIPS,           )
                                 )
        Appellant,               )
                                 )
v.                               )        Case No.   2D13-1238
                                 )
ROSALEA DAWN HUGHES,             )
                                 )
        Appellee.                )
_____)

Opinion filed November 7, 2014.

Appeal from the Circuit Court for
Pinellas County; Amy M. Williams,
Judge.

Annette Marie Lang and Robert E.
Biasotti of Biasotti and Associates,
St. Petersburg, for Appellant.

Rosalea Dawn Hughes, pro se.


KELLY, Judge.


        Matthew Lane Phillips appeals an injunction for protection against

domestic violence entered against him based upon the petition of Rosalea Dawn

Hughes, the mother of his child.  Because the trial court's finding that Ms. Hughes had

reasonable cause to believe she was in imminent danger of becoming the victim of domestic violence was not supported by competent, substantial evidence, we reverse.

In order for the trial court to issue an injunction for protection against domestic violence, the party seeking the injunction must establish that he or she has an objectively reasonable fear that he or she is in "imminent danger of becoming the victim of any act of domestic violence." § 741.30(1)(a), Fla. Stat. (2012); see Oettmeier v. Oettmeier, 960 So. 2d 902, 904 (Fla. 2d DCA 2007); Moore v. Hall, 786 So. 2d 1264, 1266 (Fla. 2d DCA 2001).  In determining whether the victim's fear is reasonable, "the trial court must consider the current allegations, the parties' behavior within the relationship, and the history of the relationship as a whole."  Giallanza v. Giallanza, 787 So. 2d 162, 164 (Fla. 2d DCA 2001) (citing Gustafson v. Mauck, 743 So. 2d 614, 616 (Fla. 1st DCA 1999)).

Here, the parties have a contentious past relationship with a history of litigation over custody and visitation issues.  There has been no actual violence between the parties and nothing in the record to show that domestic violence was imminent.  Because we conclude Ms. Hughes failed to present sufficient evidence to establish the objective reasonableness of her fear that the danger of violence at the hands of Mr. Phillips was "imminent," we reverse and remand with directions that the trial court vacate the injunction.  See Oettmeier, 960 So. 2d at 905; Moore, 786 So. 2d at 1267.

Reversed and remanded.

VILLANTI and LaROSE, JJ., Concur.

- 2 -