NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JONATHAN TATE, )
           )
    Appellant, )
           )
v. )   Case No. 2D17-4703
           )
VANESSA TATE, )
           )
    Appellee. )
_____)

Opinion filed December 14, 2018.

Appeal from the Circuit Court for Pasco
County; Alicia Polk, Judge.

Keeley R. Karatinos of Mander Law Group,
Dade City, for Appellant.

Vanessa Tate, pro se.


SILBERMAN, Judge.

    Jonathan Tate seeks review of a final judgment of injunction for protection against domestic violence. Vanessa Tate, Jonathan's sister, obtained an injunction based on evidence that he broke into her unoccupied home and stole her cats. We reverse because the court's finding that Vanessa had an objectively reasonable fear of becoming the victim of domestic violence is not supported by competent substantial evidence.

Under section 741.30(1)(a), Florida Statutes (2016), an injunction for protection against domestic violence may be available to someone "who is either the victim of domestic violence . . . or has reasonable cause to believe he or she is in imminent danger of becoming the victim of any act of domestic violence." Domestic violence is defined as "any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member." § 741.28(2).

"Where 'fear alone is the "reasonable cause" alleged to support the injunction, then not only must the danger feared be imminent but the rationale for the fear must be objectively reasonable as well.' " Zapiola v. Kordecki, 210 So. 3d 249, 250 (Fla. 2d DCA 2017) (quoting Oettmeier v. Oettmeier, 960 So. 2d 902, 904 (Fla. 2d DCA 2007)). This court reviews the issuance of an injunction on this basis for competent substantial evidence. Id.

In this case, the trial court found that Vanessa had an objectively reasonable fear of becoming the victim of domestic violence based on evidence that Jonathan broke into her unoccupied home and stole her cats. The court reasoned as follows:

> [H]e knew he wasn't supposed to be [in Vanessa's house]. He was creeping around; he used a flashlight; he didn't turn on the lights. He wiped the doorknob before he closed it. He used his shirt to open the door. He clearly knew he wasn't supposed to be there. He went into someone's home without her permission, that's what she's testified to.
>
> . . . .

He went inside her home without her permission; invaded her privacy and her space without her permission. I think that would install [sic] fear in anyone. I think that's—a reasonable person would be in fear of that person that broke into their home.

This evidence was insufficient to establish that Vanessa had an objectively reasonable fear of becoming the victim of domestic violence. Vanessa did not testify to any acts of violence toward her or threats of violence by Jonathan. Indeed, Vanessa did not even establish any danger to her cats.[1] Instead, she presented evidence that she and Jonathan rescued the cats together after he had moved his possessions into her home. After Jonathan moved out, he stealthily entered the home and stole the cats so he could keep them as pets in his own home. However, he did not use any force in his entry or commit any acts of violence while in the home. He simply took the cats and refused to give them back.

Under these circumstances, the court erred in entering the injunction for protection against domestic violence. See Phillips v. Phillips, 151 So. 3d 58, 59 (Fla. 2d DCA 2014) (reversing an injunction for protection against domestic violence because the estranged wife acknowledged "that there had been no violence or threats of violence from" the husband); Giallanza v. Giallanza, 787 So. 2d 162, 164 (Fla. 2d DCA 2001) (reversing the extension of an injunction because it was not based on any acts or threats of violence towards the wife but was based on evidence "that she is upset by the Husband's dealings with their children and that she believes that the Husband is using the children to harass her").

---

[1]Under the statute, such evidence would be insufficient in itself to establish a basis for a domestic violence injunction.

We are not persuaded that the result should be changed based on Vanessa's testimony that Jonathan has had violent outbursts in the past that make her fear for her well-being and safety. These "violent outbursts" were not directed at Vanessa and included actions like egging old roommates' cars and putting nails under their tires. There was no evidence that Jonathan had engaged in actual acts or threats of violence against their persons. Accordingly, we reverse the final judgment of injunction for protection against domestic violence.

Reversed.


LUCAS and SALARIO, JJ., Concur.