PER CURIAM.
Gianna Sheinheit seeks to reverse a final judgment of injunction for protection against repeat violence entered against her. For the following reasons, we reverse.
On May 14, 2002, Carlos Cuenca filed for an injunction for protection against repeat violence against his neighbor, She-inheit. A final hearing was set for July 18, 2002. On July 8, 2002, Shéinheit’s counsel filed a motion to withdraw and on July 15, 2002, filed a motion for continuance. On July 16, 2002, the trial court granted the motion to withdraw and gave Sheinheit twenty days to obtain new counsel. Notwithstanding that she was granted twenty days to obtain representation, the trial court did not grant a continuance * and the hearing took place as scheduled. Ultimately, the trial court entered a final judgment of injunction for protection against repeat violence and referred Sheinheit to the Advocate Program for a mental health evaluation. Sheinheit appeals, arguing that the trial court violated her due process rights by giving her twenty days to hire an attorney while at the same time forcing her to proceed pro se at a hearing in which all of the issues that required the assistance of an attorney were to be decided. We agree.
“[T]he opportunity to be represented by counsel in both civil and criminal proceedings has been equated with due process.” Times Publ’g Co. v. Burke, 375 So.2d 297, 299 (Fla. 2d DCA 1979) (citing Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932)). Although the discretion to grant a continuance rests with the trial court, “that discretion cannot be used to deny a party the basic tenets of due process.” Cervieri v. Cervieri, 814 So.2d 528, 529 (Fla. 4th DCA 2002). The inescapable conclusion is that this is precisely what happened here, especially when considering that Sheinheit’s mental well-being was at issue.
Accordingly, the final judgment of injunction is reversed and the case is remanded for a new hearing.

 It appears that the trial court never actually ruled on the motion for continuance.