CLARK, J.
 

 Appellant challenges the trial court’s final judgment of injunction for protection
 
 *842
 
 against domestic violence, due to the insufficiency of the evidence to support the injunction. Because the appellee presented sufficient evidence that he was the victim of domestic violence, specifically battery and assault, the final judgment is affirmed.
 

 We write only to clarify that the definition of “domestic violence” does not include “stalking by law enforcement” or “stalking by use and threat of court.” In this case, it was alleged in the proceedings that one party frequently called law enforcement officers to complain about the other party merely for harassment purposes. However, the crime of “harassment” does not include filing reports and complaints to law enforcement agencies as a matter of law under section 784.048(l)(b), Florida Statutes, because constitutionally protected activities such as petitioning the government for redress are exempted from the definition. “A report to an arm of government, concerning a matter within the purview of the agency’s responsibilities, serves a ‘legitimate purpose’ within the meaning of section 784.048(l)(a), regardless of the subjective motivation of the reporter.”
 
 Curry v. State,
 
 811 So.2d 736, 741 (Fla. 4th DCA 2002);
 
 Poindexter v. Springer,
 
 898 So.2d 204 (Fla. 2d DCA 2005).
 

 Because reporting a violation of law or an existing injunction, even with malicious intent towards the supposed violator, does not constitute harassment, it also cannot qualify as stalking for purposes of section 784.048, or domestic violence under section 741.28, Florida Statutes. Abuse of court processes and filing false reports with law enforcement are serious matters, to be discouraged indeed, or even prosecuted. However, the statutorily created actions for injunction against violence are not the proper remedies to sanction these acts. Unfounded reports to authorities or requests for judicial relief, even if repeated or for malicious purposes, do not support the entry of an injunction against domestic or other violence.
 

 AFFIRMED.
 

 PADOVANO and THOMAS, JJ., concur.