PER CURIAM.
Cheryl B. Young appeals the trial court’s issuance of a domestic violence injunction against her pursuant to section 741.30, Florida Statutes (2011). We review the trial court’s conclusion of law de novo. See Achurra v. Achurra, 80 So.3d 1080 (Fla. 1st DCA 2012). The evidence showed that Ms. Young engaged in improper behavior, but it did not constitute domestic violence, and we reverse.
During their dissolution proceeding, Michael Young gave Cheryl Young his computer password so that she could install some anti-virus software that he had purchased, which allowed multiple users. Later, without his consent, she used the password to read his email and then changed the password so that he could no longer gain access to his account. She filed a paper in the divorce proceeding that contained extensive personal information taken from the emails. The trial court rejected Ms. Young’s explanation for her conduct and issued the injunction. In denying her motion for rehearing, the trial court suggested that her conduct amounted to cyberstalking.
Section 741.30(6) authorizes the court to issue an injunction when a person shows that he or she has been or is in imminent danger of being a victim of domestic violence as defined in section 741.28. “Do *479 mestic violence” under section 741.28(2), Florida Statutes (2011), includes the offense of “stalking” as one of the enumerated forms of domestic violence, which is the only offense that could possibly apply to the facts at bar. That term, as used in section 784.048, Florida Statutes (2011), includes willful, malicious, and repeated harassment, and defines “harass” in sub-paragraph (l)(a) as “to engage in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose.” Stalking also includes cyber-stalking, defined in section 784.048(l)(d) as the communication of “words, images, or language by or through the use of electronic mail or electronic communication, directed at a specific person, causing substantial emotional distress to that person and serving no legitimate purpose.”
An injunction against domestic violence requires malicious harassment that consists at the very least of some threat of imminent violence, which excludes mere uncivil behavior that causes distress or annoyance. See Power v. Boyle, 60 So.3d 496 (Fla. 1st DCA 2011); Randolph v. Rich, 58 So.3d 290 (Fla. 1st DCA 2011); Gustafson v. Mauck, 743 So.2d 614 (Fla. 1st DCA 1999); Young v. Smith, 901 So.2d 372 (Fla. 2d DCA 2005); Giallanza v. Giallanza, 787 So.2d 162 (Fla.2d DCA 2001). Ms. Young used her husband’s email in an inappropriate manner but did not threaten or stalk him.
Although the trial court cited this court’s opinion in Murphy v. Reynolds, 55 So.3d 716 (Fla. 1st DCA 2011), as implicitly approving the finding that “offensive email, hacking into another person’s email account, deleting email or changing an email signature,” could be grounds for a repeat-violence injunction under section 784.046(2), Florida Statutes (2009), this court held in that case that the petitioner had failed to show that the respondent was the perpetrator of the incidents alleged. This court did not decide whether any of the petitioner’s allegations constituted cy-berstalking.
Ms. Young’s acts in the case at bar, which consisted of changing her husband’s password, appropriating his emails, and including them in a filing in their divorce proceeding, do not amount to cyberstalk-ing, because they were not electronic communications by her of “words, images, or language ... directed at” Mr. Young.
REVERSED and REMANDED.
PADOVANO, THOMAS, and CLARK, JJ., concur.