PER CURIAM.
Appellant, Eddison Arnold, appeals the Final Judgment of Injunction For Protection Against Domestic Violence With Minor Child(ren) entered in favor of Appel-lee, Coralis Santana, and raises two issues, only one of which merits discussion. Appellant argues that the trial court erred by entering the injunction because Appellee failed to demonstrate that she reasonably feared an imminent danger of domestic violence. We agree and, therefore, reverse the Final Judgment of Injunction.
Appellee filed a petition for injunction against Appellant, her husband, alleging that Appellant was “willfully, maliciously, and repeatedly harassing and stalking [her] by engaging in a series of acts that serve[d] no legitimate purpose and cause[d] [her] substantial emotional distress”; on January 23, 2013, Appellant “texted [her] repeatedly to let [her] know that he [was] watching [her]”; in September of 2012, “[she] locked [her]self in the bathroom when [Appellant] pushed the door open, breaking everything”; and she feared for her life. During the hearing on the petition, Appellee testified that when she locked herself into the bathroom during an argument she had with Appellant in September of 2012, he kicked the door down and thereby damaged the door frame. Following this incident, the parties attended counseling and “everything was okay”; in fact, “[t]hey made [her]” recall this incident when she was filing the petition for injunction. The parties separated in November of 2012. Appellee further testified that on January 23, 2013, Appellant sent her text messages in which he warned her to change her passwords because he was tracking everything she was doing, and informed her that he was also following her. When the trial court inquired as to what had happened to make her feel she needed protection, she responded, “[h]is anger.” Appellee further testified that three or four years ago, while they were dating, Appellant hit her. Lastly, she testified that the marriage involved “a lot of’ verbal abuse, but no physical abuse. The trial court entered a Final Judgment of Injunction, effective until June 7, 2013. This appeal followed.
A trial court has broad discretion to enter an injunction against domestic violence, but its finding that the petitioner reasonably believes he or she is in imminent danger must be supported by competent, substantial evidence. See Oettmeier v. Oettmeier, 960 So.2d 902, 905 (Fla. 2d DCA 2007) (holding that no competent, substantial evidence supported the trial court’s finding that the appellee reasonably feared imminent violence where she claimed that the appellant left angry messages, broke into her home, about nine months earlier spat in her face and pushed *514 her away, was a heavy and angry drinker, beat on the doors and walls of the home, smashed a trash can, and threatened to make her life miserable “until the end”). The party seeking an injunction must demonstrate “an objectively reasonable fear that he or she is in ‘imminent danger of becoming a victim of any act of domestic violence.’ ” Randolph v. Rich, 58 So.3d 290, 291 (Fla. 1st DCA 2011) (quoting section 741.30(1)(a), Florida Statutes, and finding that the appellee failed to show an objectively reasonable fear of imminent violence where the appellant tried to snatch papers out of her hands; he “repeatedly” harassed her, but the appellee cited only one e-mail, which was nonthreatening, and one voicemail, in which the appellant threatened to “devote all of his time to getting [her]”; he had “physically gotten [her] in the past”; and a domestic violence incident had occurred years earlier). “An injunction against domestic violence requires malicious harassment that consists at the very least of some threat of imminent violence, which excludes mere uncivil behavior that causes distress or annoyance.” Young v. Young, 96 So.3d 478, 479 (Fla. 1st DCA 2012); see also Young v. Smith, 901 So.2d 372, 373 (Fla. 2d DCA 2005) (noting that “the statutory definition of ‘domestic violence’ requires some showing of violence or a threat of violence and that general harassment does not suffice”). An isolated incident of domestic violence that occurred years before the filing of the petition for injunction is insufficient. See Randolph, 58 So.3d at 292 n. 2; Gill v. Gill, 50 So.3d 772, 774 (Fla. 2d DCA 2010).
In the present case, Appellee did not allege that Appellant threatened violence in the January 23, 2013 text messages, or that he physically hurt her during the September 2012 incident. The only allegation of violence involved an isolated incident that occurred years before Appellee filed her petition. Indeed, Appel-lee did not allege that Appellant threatened violence toward her. Thus, competent, substantial evidence does not support a finding that Appellee’s fear of imminent domestic violence was objectively reasonable. See Young, 96 So.3d at 479; Randolph, 58 So.3d at 291-92; Oettmeier, 960 So.2d at 903, 905; Smith, 901 So.2d at 373.
Accordingly, we REVERSE the final judgment and REMAND with directions that the trial court vacate the injunction.
LEWIS, C.J., MARSTILLER and OSTERHAUS, JJ., CONCUR.