DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AMY HAIR,**
Appellant,

v.

**CAMMY HAIR,**
Appellee.

No. 4D13-2063

[March 18, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Timothy P. McCarthy, Judge; L.T. Case No. 502013DR003796XX.

Michael L. Cohen, West Palm Beach, for appellant.

No brief filed for appellee.

PER CURIAM.

We reverse the final judgment of injunction for protection against domestic violence.

Section 741.30(1)(a), Florida Statutes (2012), provides that a family or household member may file a petition for protection against domestic violence if that person is "either the victim of domestic violence as defined in s. 741.28 or has reasonable cause to believe he or she is in imminent danger of becoming the victim of any act of domestic violence." *See Malchan v. Howard,* 29 So. 3d 453, 454 (Fla. 4th DCA 2010). Domestic violence is defined as "any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member." § 741.28(2), Fla. Stat. (2012).

To determine whether the victim's fear of imminent domestic violence is reasonable, "'the trial court must consider the current allegations, the parties' behavior within the relationship, and the history of the

relationship as a whole.'" *Malchan,* 29 So. 3d at 454 (quoting *Giallanza v. Giallanza,* 787 So. 2d 162, 164 (Fla. 2d DCA 2001)).

In order to obtain an injunction against domestic violence, the petitioner must be the object of "malicious harassment that consists at the very least of some threat of imminent violence, which excludes mere uncivil behavior that causes distress or annoyance." *Young v. Young,* 96 So. 3d 478, 479 (Fla. 1st DCA 2012). "An isolated incident of domestic violence that occurred years before the filing of the petition for injunction is insufficient." *Arnold v. Santana,* 122 So. 3d 512, 514 (Fla. 1st DCA 2013).

In this case, the petitioner failed to present sufficient evidence that she was a victim of domestic violence or was in imminent danger of becoming a victim of domestic violence. That a daughter does not wish to see or interact with her mother is not a basis for the issuance of a domestic violence restraining order. *See Stone v. Stone,* 128 So. 3d 239, 241 (Fla. 4th DCA 2013). Nor did appellant's violation of an order entered as part of a domestic relations case support the entry of the restraining order in this case.

We therefore reverse and remand with instructions to vacate the final judgment of injunction for protection.

GROSS, CONNER and KLINGENSMITH, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***