NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GERVARIS MONTEZ LEAPHART,           )
                                    )
            Appellant,              )
                                    )
v.                                  )      Case No. 2D14-1407
                                    )
CHAVONDRA BRIANN JAMES,             )
                                    )
            Appellee.               )
                                    )
_____ )

Opinion filed February 10, 2016.

Appeal from the Circuit Court for Lee
County; John S. Carlin, Judge.

Heather Sutton-Lewis, Fort Myers, for
Appellant.

No appearance for Appellee.


MORRIS, Judge.

        Gervaris Montez Leaphart appeals a final judgment of injunction for

protection against domestic violence entered after an evidentiary hearing on the petition

of his ex-girlfriend, Chavondra Briann James, pursuant to section 741.30, Florida

Statutes (2013).  We reverse the final judgment of injunction because it is not supported

by competent, substantial evidence.

James filed a petition for injunction for protection against domestic violence on February 11, 2014, and a temporary injunction was entered that same day, noticing the hearing on the petition for February 24, 2014. Leaphart, through counsel, filed a motion to dissolve the injunction and a motion to continue the February 24, 2014, hearing. As the basis for continuance, Leaphart's counsel asserted that she was scheduled to be in Collier County that day "attending depositions" in a criminal case involving an offense punishable by life. The trial court did not rule on Leaphart's motion to dissolve or his motion to continue. Instead, the trial court conducted the scheduled evidentiary hearing on the petition for injunction. James appeared pro se, and Leaphart appeared without his counsel, referring to his counsel's motion to continue based on counsel's scheduling conflict. The trial court denied Leaphart's motion to continue, asked questions of the parties regarding the allegations in James's petition, and entered a "permanent injunction" until further order of the court.

On appeal, Leaphart contends that there was not competent evidence to support the injunction. He argues that there was no evidence that Leaphart was the person responsible for the incidents and that the evidence that Leaphart had "busted" James's lip a year ago was not sufficient to support the injunction.

"A trial court may issue an injunction '[u]pon notice and hearing, when it appears to the court that [a] petitioner is either the victim of domestic violence . . . or has reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence.' " Brilhart v. Brilhart ex. rel. S.L.B., 116 So. 3d 617, 619 (Fla. 2d DCA 2013) (alterations in original) (quoting § 741.30(6)(a)). "A trial court's issuance of an injunction . . . must be supported by competent, substantial evidence." Id.

At the hearing, James testified that in May 2013, a week after she had moved out of an apartment, her tires and her mother's tires were flat. In August 2013, James woke up to her "house getting shot up." In November 2013, her car was vandalized. In February 2014, her car was set on fire. James did not see Leaphart commit any of these acts, but she said that her neighbors had "seen a black male with all black on doing it" and that "[e]very time something happen[ed,] he went over to one of [her] friend's house to see if they knew anything." She said that Leaphart "brought it to their attention" and that "this all started when [she] broke up with him." James also testified that Leaphart "busted [her] lip one time" in June 2012 because he had seen her "texting a boy on Facebook," but she did not include that allegation in her petition for injunction.

Leaphart denied committing any of the acts. He stated that they had not seen each other for eight months and that he did not "know where this could be coming from." He also stated that he "never busted her lip or anything like that." He informed the judge that he had been a bail bondsman for five years, that he had his own business, that he had never been charged with any crimes, and that he had a clean record.

The injunction is not supported by competent, substantial evidence. First, there is no competent evidence that Leaphart committed the acts that occurred in 2013 and 2014. James did not see who committed the acts, and her testimony regarding her friends' or neighbors' observations constituted hearsay. See §§ 90.801, .802, Fla. Stat. (2013). Further, the hearsay evidence did not prove that Leaphart committed the acts

- 3 -

alleged. It merely established that a black man committed the acts and that Leaphart was talking about the incidents with James's friends after the incidents occurred.

Second, the only act that James witnessed herself occurred in June 2012, when Leaphart "busted her lip." While this incident constitutes domestic violence under the statute, § 741.28(2), it is not enough to support an injunction in the absence of other conduct by Leaphart because the incident occurred approximately twenty months before the petition was filed. See Gill v. Gill, 50 So. 3d 772, 774 (Fla. 2d DCA 2010) ("[A]n isolated incident of domestic violence that occurred years before a petition for injunction is filed will not usually support the issuance of an injunction in the absence of additional current allegations.").

We note that Leaphart appeared without counsel at the hearing because his counsel could not appear due to previously scheduled depositions in a criminal case in another county. Leaphart argues on appeal that he was denied a right to a full and fair hearing.

In Sheinheit v. Cuenca, 840 So. 2d 1122 (Fla. 3d DCA 2003), the Third District held that the trial court violated the respondent's right to due process when it effectively denied her a continuance in order to obtain counsel to represent her at the hearing on a petition for injunction for protection against repeat violence. The court noted that the opportunity to be represented by counsel is the equivalent of due process and that a trial court's discretion to grant or deny a continuance should not be used to deny a party due process. Id. at 1123. The court agreed that "the trial court violated [the respondent's] due process rights by giving her twenty days to hire an attorney while at the same time forcing her to proceed pro se at a hearing in which all of the issues

that required the assistance of an attorney were to be decided." Id. This case is similar to Sheinheit in that the trial court's denial of Leaphart's motion for continuance deprived him of the opportunity to be represented by counsel and forced him to proceed pro se at the injunction hearing. Moreover, a temporary injunction had been entered on February 11, 2014, and was effective for fifteen days. Section 741.30(5)(c) authorized the court to grant a continuance for good cause and extend the temporary injunction during the period of continuance, ensuring that James would not be prejudiced by any continuance.

Because there was insufficient evidence that James was the victim of domestic violence by Leaphart or that she had reasonable cause to believe she was in imminent danger of becoming a victim of domestic violence by Leaphart, we reverse the final judgment of injunction for protection against domestic violence.

Reversed and remanded.


LaROSE and SALARIO, JJ., Concur.