NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DANIELA ALVES ZAPIOLA, )
)
Appellant, )
)
v. ) Case No. 2D16-820
)
ANDRAEA LYNN KORDECKI, )
)
Appellee. )
)

Opinion filed February 10, 2017.

Appeal from the Circuit Court for Lee
County; John S. Carlin, Judge.

Patrick N. Bailey of The Law Office of
Patrick N. Bailey, P.A., Fort Myers, for
Appellant.

No appearance for Appellee.


BLACK, Judge.

Daniela Zapiola challenges the injunction for protection against domestic

violence entered against her. She argues that Andraea Kordecki failed to establish the

requirements for entry of the injunction. We agree and reverse.

In January 2016, Ms. Kordecki filed a petition for injunction for protection against domestic violence against Ms. Zapiola. Ms. Kordecki alleged that while she and Ms. Zapiola were dating in 2012, Ms. Zapiola threw a drink at her and punched her in the face. She also alleged that Ms. Zapiola has repeatedly attempted to contact Ms. Kordecki through Facebook and via telephone and that Ms. Kordecki's job as a traffic aide would allow Ms. Zapiola to cause Ms. Kordecki harm. Ms. Kordecki did not allege that Ms. Zapiola has threatened her in any way.

A domestic violence injunction may be issued "[u]pon notice and hearing, when it appears to the court that [a] petitioner is either the victim of domestic violence as defined by [section] 741.28 or has reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence." § 741.30(6)(a), Fla. Stat. (2015); accord Leaphart v. James, 185 So. 3d 683, 685 (Fla. 2d DCA 2016). The injunction must be supported by competent substantial evidence. Leaphart, 185 So. 3d at 685; see also Horowitz v. Horowitz, 160 So. 3d 530, 531 (Fla. 2d DCA 2015) ("Mrs. Horowitz alleged both that she was the victim of domestic violence . . . and that Mr. Horowitz had engaged in behavior that led her to believe she was in imminent danger of becoming a victim of domestic violence. . . . [E]ither basis, when proved by competent, substantial evidence, would support issuance of the injunction.").

Ms. Zapiola contends that the evidence presented by Ms. Kordecki was insufficient to support the injunction, particularly where a single incident from 2012 was the only alleged violence.[1] This court has held that "an isolated incident of domestic

---

[1]We note that Ms. Kordecki failed to establish that she could seek an injunction for protection against domestic violence where she did not establish that she qualified as a family or household member under section 741.28(3). The statute defines

violence that occurred years before a petition for injunction is filed will not usually support the issuance of an injunction in the absence of additional current allegations." Gill v. Gill, 50 So. 3d 772, 774 (Fla. 2d DCA 2010) (comparing Jones v. Jones, 32 So. 3d 772 (Fla. 2d DCA 2010), with Giallanza v. Giallanza, 787 So. 2d 162 (Fla. 2d DCA 2001)); see also Leaphart, 185 So. 3d at 686 (concluding that a single incident of domestic violence committed twenty months before the petition was filed "is not enough to support an injunction in the absence of other conduct"). Here, "[t]he physical incident[] identified . . . [is] too remote to be considered reasonable cause to believe that she was in imminent danger of becoming a victim of domestic violence." Horowitz, 160 So. 3d at 532. And Ms. Kordecki otherwise failed to present sufficient evidence that she was in imminent danger of becoming a victim of domestic violence. See Weisberg v. Albert, 123 So. 3d 663, 664 (Fla. 4th DCA 2013). Where "fear alone is the 'reasonable cause' alleged to support the injunction, then not only must the danger feared be imminent but the rationale for the fear must be objectively reasonable as well." Oettmeier v. Oettmeier, 960 So. 2d 902, 904 (Fla. 2d DCA 2007) (quoting

---

family or household member to include "spouses, former spouses, . . . [and] persons who are presently residing together as if a family or who have resided together in the past as if a family." § 741.28(3); see also § 741.28(2) (defining domestic violence as "any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member" (emphasis added)). However, because Ms. Zapiola does not challenge the applicability of the domestic violence injunction statute on this basis, Ms. Kordecki's failure to prove her status as a household member cannot be our basis for reversal. Cf. Barile v. Gayheart, 80 So. 3d 1085, 1086-87 (Fla. 2d DCA 2012).

- 3 -

Gustafson v. Mauck, 743 So. 2d 614, 615 (Fla. 1st DCA 1999)).  The allegations that Ms. Zapiola might harm Ms. Kordecki while Ms. Kordecki is working as a traffic aide are too vague to provide competent substantial evidence of a reasonably objective fear. See Horowitz, 160 So. 3d at 533.  Moreover, none of the evidence presented regarding Ms. Zapiola's attempts to contact Ms. Kordecki alleged, much less established, that Ms. Zapiola had engaged in conduct that was threatening or might otherwise reasonably place Ms. Kordecki in fear.  Cf. Gill, 50 So. 3d at 774-75 ("Such generalized threats to engage in unpleasant, but not violent, behavior are not sufficient to support the issuance of a domestic violence injunction.").

As a result, we reverse the injunction for protection against domestic violence.

SILBERMAN and ROTHSTEIN-YOUAKIM, JJ., Concur.