PER CURIAM.
Wayne Darnell Robinson ("Husband") appeals the final judgment of injunction for protection against domestic violence entered against him and in favor of his estranged wife, Noemi Robinson ("Wife"). Because the evidence presented at the final hearing was legally insufficient to support the injunction, we reverse.
To obtain an injunction for protection against domestic violence under section 741.30(6)(a), Florida Statutes (2017), a petitioner must either be the victim of domestic violence as that term is defined in section 741.28, Florida Statutes, or have reasonable cause to believe that he or she is in imminent danger of becoming a victim of domestic violence. Section 741.28(2), Florida Statutes (2017), defines "domestic violence" as:
[A]ny assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member.
A domestic violence injunction must be supported by competent substantial evidence. Zapiola v. Kordecki , 210 So.3d 249, 250 (Fla. 2d DCA 2017) (citing Leaphart v. James , 185 So.3d 683, 685 (Fla. 2d DCA 2016) ). And, "[w]hen evaluating whether competent, substantial evidence supports a trial court's ruling, '[l]egal sufficiency ... as opposed to evidentiary weight, is the appropriate concern of an appellate tribunal.' "
*1189 Brilhart v. Brilhart ex rel. S.L.B. , 116 So.3d 617, 619 (Fla. 2d DCA 2013) (quoting Tibbs v. State , 397 So.2d 1120, 1123 (Fla. 1981) ). "[T]he question of whether the evidence is legally sufficient to justify imposing an injunction is a question of law that we review de novo." Pickett v. Copeland , 236 So.3d 1142, 1144 (Fla. 1st DCA 2018) (citing Wills v. Jones , 213 So.3d 982, 984 (Fla. 1st DCA 2016) ).
The final hearing was relatively brief. Neither party was represented by counsel. Other than each party's respective narrative testimony, no other witnesses or evidence were presented.[1] There was no testimony presented that Husband physically injured, had physical contact with, or threatened to do any physical harm or injury to Wife. Wife did not allege that she had been kidnapped by Husband, nor was there evidence of a false imprisonment. Wife testified to one incident, where Husband insisted on returning to her some personal belongings and then abruptly dropped off these items at her parents' house at midnight, and to a second incident, where the parties were meeting at their bank and Husband started acting irate and yelling profanities at Wife. While these events were upsetting to Wife, mere uncivil behavior or annoyance is not sufficient to obtain an injunction against domestic violence. See Hair v. Hair , 159 So.3d 984, 985 (Fla. 4th DCA 2015) (citing Young v. Young , 96 So.3d 478, 479 (Fla. 1st DCA 2012) ).
Wife did testify to Husband having placed telephone calls and text messages to her, her parents, and her employer. As previously indicated, stalking can constitute an act of domestic violence under section 741.28(2). Stalking is defined under section 784.048(2), Florida Statutes (2017), as "willfully, maliciously, and repeatedly follow[ing], harass[ing], or cyberstalk[ing] another person." To prove "harassment" under this statute,[2] Wife had to show that Husband "engage[d] in a course of conduct directed at [her] which cause[d] substantial emotional distress to [her] and serve[d] no legitimate purpose." § 784.048(1)(a), Fla. Stat. (2017). In determining whether the harassment has caused substantial emotional distress to support a finding of stalking, courts apply a reasonable person standard, not a subjective standard. Akin v. Jacobs , 230 So.3d 1292, 1292-93 (Fla. 5th DCA 2017) (quoting Plummer v. Forget, 164 So.3d 109, 110 (Fla. 5th DCA 2015) ).
Wife's testimony was that Husband had called her at work when she was not there, had "threatened" to call her "HR Department," and had called her parents and brother to influence them to contact Wife to encourage her to communicate with Husband about resolving their marital difficulties. There was no testimony that Wife had lost her job or that her job was in jeopardy, nor was there any evidence that Husband had threatened Wife in these communications with any act of violence. There was also no evidence provided as to *1190 the frequency or the content of these communications. Simply put, the evidence at the hearing that Wife was the victim of domestic violence based upon being stalked by Husband was legally insufficient.
We next consider whether the evidence presented at the hearing showed that Wife had reasonable cause to believe that she was in imminent danger of becoming a victim of domestic violence. This requisite fear of imminent danger, however, must be an objectively reasonable fear. Mitchell v. Mitchell , 198 So.3d 1096, 1100 (Fla. 4th DCA 2016) (quoting Oettmeier v. Oettmeier , 960 So.2d 902, 904 (Fla. 2d DCA 2007) ). In making this determination, trial courts "must consider 'the current allegations, the parties' behavior within the relationship, and the history of the relationship as a whole.' " Leal v. Rodriguez , 220 So.3d 543, 545 (Fla. 3d DCA 2017) (quoting Gill v. Gill , 50 So.3d 772, 774 (Fla. 2d DCA 2010) ).
Husband categorically denied having any history of domestic violence. Wife presented no evidence of Husband having a history of threatening or abusive behavior. Additionally, there was scant testimony of the parties' behavior within their relationship. The absence of any objectively reasonable evidence of Wife's fear that she was in imminent danger of becoming a victim of domestic violence leads us to conclude that the injunction, if entered under this basis, is not supportable. See Gustafson v. Mauck , 743 So.2d 614, 615 -16 (Fla. 1st DCA 1999) (concluding that in the absence of objectively reasonable evidence, a person's subjective belief of imminent danger of becoming a victim of domestic violence is unsubstantiated speculation that does not support the entry of an injunction).
Accordingly, we reverse the final judgment of injunction for protection against domestic violence.
REVERSED.
ORFINGER, LAMBERT, and EISNAUGLE, JJ., concur.

Husband apparently had text messages and a video on his phone that he offered to show to the court, but he did not seek to move them into evidence.

There was no evidence presented at the hearing that anyone observed Husband physically following Wife and only a brief reference in Wife's testimony to an unelaborated text sent by Husband to Wife's brother, which is legally insufficient to constitute "cyberstalking" under section 784.048(1)(d). This subsection defines cyberstalking as "engaging in a course of conduct to communicate, or to cause to be communicated, words, images, or language by or through the use of electronic mail or electronic communication, directed at a specific person, causing substantial emotional distress to that person and serving no legitimate purpose."