# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1408
_____

CHRISTY CURL,

    Appellant,

    v.

STACIE L. ROBERTS,
o/b/o E. C., a minor,

    Appellee.

_____

On appeal from the Circuit Court for Suwannee County.
William F. Williams, Judge.

August 30, 2019

KELSEY, J.

Appellant challenges the two-year domestic violence injunction entered against her at the behest of her daughter, Appellee, on behalf of Appellee's minor daughter/Appellant's granddaughter. Appellee alleged that she herself was physically abused at Appellant's hands as a child, that Appellant had attempted to interfere with paternity proceedings involving Appellee's daughter and had involved the Department of Children and Families in unfounded attempts to take the child away, and that Appellant tries to control Appellee. These allegations are legally insufficient to support entry of a domestic violence injunction, and therefore we reverse the injunction.

A domestic violence injunction may issue to protect a member of the movant's family or household "who is either the victim of domestic violence as defined in s. 741.28 or has reasonable cause to believe he or she is in imminent danger of becoming the victim of any act of domestic violence." § 741.30(1)(a), Fla. Stat. "Domestic violence" is defined as "any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member." § 741.28(2), Fla. Stat. This injunction was improper because there was no evidence that the minor child was the victim of domestic violence or in imminent danger of becoming such a victim.

Appellee's allegations of previous physical abuse related to Appellant's alleged treatment of Appellee when Appellee was a child. Although Appellee alleged it continued into Appellee's early adulthood, it was nevertheless undisputed that the abuse ended when Appellee moved out of the household two or three years before seeking the injunction. There was no evidence of any more recent acts of domestic violence against Appellee; no evidence that Appellant ever committed any act of domestic violence against the minor child—and to the contrary, Appellee admitted that Appellant had not threatened or committed any acts of domestic violence against the minor child; and no evidence of any imminent threat of any such acts.

Appellee's allegations about Appellant's anger issues and physical abuse when Appellee was a child do not support entry of an injunction, both because they do not establish actual victimization or an imminent threat to the minor child, and because they were too long ago to constitute current evidence of an actionable threat. The statute expressly requires a showing either that the alleged victim is currently a victim of domestic violence, or that there is reasonable cause to believe the victim is in imminent danger of such violence. § 741.30(1)(a). No evidence supports either of the alternative statutory requirements.

The remoteness of Appellant's alleged prior abuse of Appellee also renders the injunction improper. Incidents remote

in time by as little as a year are insufficient to support entry of a new injunction, absent allegations of current violence or imminent danger that satisfy the statute. *See, e.g., Leaphart v. James,* 185 So. 3d 683, 686 (Fla. 2d DCA 2016) (reversing injunction because predicate act of domestic violence occurred twenty months before the petition was filed and no imminent threat was shown); *Arnold v. Santana,* 122 So. 3d 512, 513 (Fla. 1st DCA 2013) (finding act of domestic violence three to four years before filing of petition was insufficient to support injunction); *Gill v. Gill*, 50 So. 3d 772, 773 (Fla. 2d DCA 2010) (holding act of domestic violence fourteen months earlier too remote to support injunction); *see also Giallanza v. Giallanza*, 787 So. 2d 162, 163 (Fla. 2d DCA 2001) (affirming temporary injunction based on evidence of domestic violence from ten years earlier coupled with recent evidence of respondent's anger and verbal abuse, but reversing permanent injunction). The allegations of physical violence between these parties, which it is undisputed ended two or three years ago, do not satisfy the statutory requirement of a current or imminent threat. *See Randolph v. Rich,* 58 So. 3d 290, 292 (Fla. 1st DCA 2011) (emphasizing statutory requirement of "sufficient evidence to establish the objective reasonableness of his or her fear that the danger of violence is 'imminent'").

Appellee's allegation that Appellant has made unfounded calls to DCF likewise does not satisfy the statute. We have held that "[u]nfounded reports to authorities or requests for judicial relief, even if repeated or for malicious purposes, do not support the entry of an injunction against domestic or other violence." *Olin v. Roberts*, 42 So. 3d 841, 842 (Fla. 1st DCA 2010); *accord Wills v. Jones*, 213 So. 3d 982, 985 (Fla. 1st DCA 2016). Appellee's vague complaint that Appellant is too controlling is equally insufficient to support the injunction.

Instead of providing evidence sufficient to satisfy the statute, Appellee's allegations were speculative and did not establish current domestic violence or reasonable cause to believe the minor child was in imminent danger of such violence. Appellee alleged that if future circumstances resulted in the State's removing the minor child from Appellee, the child might be placed with Appellant, who might then commit an act of violence

3

against the child. There was no evidence that any of these potentialities was real or imminent. The injunction was improperly granted, and we reverse.

REVERSED.

LEWIS and ROBERTS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Natalia P. Kalishman of Steven Kalishman, P.A., Gainesville, for Appellant.

Karen D. Hatton of Hatton Law, P.A., Mayo, for Appellee.