# Third District Court of Appeal

## State of Florida

Opinion filed December 1, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1419
Lower Tribunal No. 20-5218
_____

**Aaron McGuire,**
Appellant,

vs.

**Magiori C. Boscan,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Elisabeth M. Espinosa, Judge.

Sale & Weintraub, P.A., and Jayne C. Weintraub; Nelson Mullins Broad and Cassel, and Kimberly J. Freedman and Christopher C. Cavallo, for appellant.

Fields Howell, LLP, and Daniel R. Ferrante, for appellee.

Before LOGUE, HENDON, and LOBREE, JJ.

HENDON, J.

Aaron McGuire ("Mr. McGuire") appeals from (1) a final judgment of injunction for protection against domestic violence without minor children entered against him on behalf of his former live-in girlfriend, Magiori C. Boscan ("Ms. Boscan"), pursuant to section 741.30, Florida Statutes (2019), and (2) an order denying his motion for rehearing. For the reasons that follow, we reverse the final judgment of injunction for protection against domestic violence and remand with instructions to vacate the injunction entered against Mr. McGuire.

On March 13, 2020, Ms. Boscan filed a petition for temporary injunction for protection against domestic violence without minor children against her former live-in boyfriend, Mr. McGuire ("Petition"). In the Petition, Ms. Boscan alleged incidents of domestic violence that allegedly occurred in May 2017, September 2017[1], February 2020, and March 2020. The trial court entered a temporary injunction, setting the case for a final hearing.

On April 29, 2020, the trial court conducted a final hearing, with both parties acting pro se. Ms. Boscan testified that the parties began to date in October 2016 after they met in the Brickell area, and they lived together

---

[1] The Petition actually states that this alleged incident occurred in September 2018, but during the final hearing, Ms. Boscan clarified that the incident occurred in September 2017, not 2018.

2

from January 2017 until the alleged incident in May 2017. However, they continued to have a relationship until November 2017.

Both parties testified as to the alleged May 2017 and September 2017 incidents, with the parties presenting conflicting versions of what occurred. Although Ms. Boscan's Petition did not contain any specific allegations from the date of the alleged September 2017 incident to the alleged February 2020 incident, the trial court questioned the parties as to matters that occurred between those dates. Ms. Boscan, without any objection by Mr. McGuire, introduced into evidence two communications from Mr. McGuire—an April 2018 email from Mr. McGuire to Ms. Boscan, and an October 2019 WhatsApp message from Mr. McGuire to Ms. Boscan's sister. Both the email and the WhatsApp message were friendly and did not contain any threats whatsoever. Mr. McGuire testified that the WhatsApp message to Ms. Boscan's sister was accidentally sent to her as it was intended for someone else. Further, although Ms. Boscan and her sister did not respond to the communications, Mr. McGuire did not send further communications.

The parties also testified as to the alleged February and March 2020 incidents. As to the alleged February 2020 incident, Ms. Boscan testified that she exited her car near Biscayne Bay to meet her cousin. At that time,

3

Mr. McGuire was jogging and passed by her, making eye contact. Ms. Boscan went back into her car and locked the doors because she did not want to see him. Ms. Boscan testified that she believes that it was a coincidence that they were both there at the same time because "his face was a look of surprise." Mr. McGuire kept on jogging and did not speak to Ms. Boscan.

As to the alleged March 2020 incident at a Whole Foods store in downtown Miami, Ms. Boscan testified that she walked from a store in downtown Miami to the Whole Foods store in downtown Miami. She entered the Whole Foods and got the product she needed. When she turned, Mr. McGuire was about fifteen steps away. Ms. Boscan distanced herself from him and waited for him to leave. In response to the trial court's question as to whether she thought the encounter was coincidental, Ms. Boscan testified that Mr. McGuire "must have seen" her walking in the street, and he "probably" saw her go into Whole Foods and followed her. In contrast, Mr. McGuire's testimony reflects that he was shopping in Whole Foods when he saw her; this particular Whole Foods is within walking distance from his home and work; and when he saw her, he went in another direction without attempting to speak to her.

Finally, without objection from Mr. McGuire, the trial court asked Ms.

4

Boscan if she had seen Mr. McGuire after she filed the Petition on March 13, 2020. Ms. Boscan testified that on that same day, she was at a restaurant having dinner with a friend, and Mr. McGuire arrived with a group of friends. Mr. McGuire did not attempt to speak to Ms. Boscan.

At the conclusion of the hearing, the trial court ruled that it was entering a permanent injunction for protection against domestic violence against Mr. McGuire. The final judgment reflects that the trial court found that Ms. Boscan is a victim of domestic violence and/or has reasonable cause to believe she is in imminent danger of becoming a victim of domestic violence by Mr. McGuire.

Through counsel, Mr. McGuire filed a motion for rehearing, and Ms. Boscan, who was also now represented by counsel, filed an objection to the motion for rehearing. Following a hearing, the trial court reserved ruling and requested the parties' counsels to submit proposed orders. Thereafter, in September 2020, the trial court entered an order denying Mr. McGuire's motion for rehearing. This appeal followed.

Mr. McGuire contends that the trial court abused its discretion by entering the permanent injunction for protection against domestic violence because the ruling is not supported by competent, substantial evidence. For the reasons that follow, we agree.

"An order granting an injunction in the domestic violence context is reviewed for abuse of discretion. A trial court abuses its discretion by entering a domestic violence injunction when the ruling is not supported by competent, substantial evidence." Chiscul v. Hernandez, 311 So. 3d 55, 57-58 (Fla. 4th DCA 2021) (internal quotation marks and citations omitted); see also Alobaid v. Khan, 306 So. 3d 159, 163 (Fla. 3d DCA 2020) ("We review the court's issuance of the final injunction for abuse of discretion and to determine whether it is supported by competent, substantial evidence.").

In the instant case, the trial court entered the injunction pursuant to section 741.30(6)(a), Florida Statutes (2019), which allows a trial court to enter an injunction for protection against domestic violence if "the petitioner is either the victim of domestic violence as defined by s. 741.28 or has reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence . . . ." Section 741.28(2) defines "domestic violence" as "any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member." "In determining whether a petitioner has reasonable cause to

6

believe that he or she is in imminent danger of becoming a victim of any act of domestic violence, the trial court 'must consider the current allegations, the parties' behavior within the relationship, and the history of the relationship as a whole.'" Chiscul, 311 So. 3d at 58 (quoting Zarudny v. Zarudny, 241 So. 3d 258, 262 (Fla. 3d DCA 2018) (citations omitted)); see also § 741.30(6)(b), Fla. Stat. (2019). Further, the "requisite fear of imminent danger . . . must be an objectively reasonable fear." Quinones-Dones v. Mascola, 290 So. 3d 1029, 1030 (Fla. 5th DCA 2020) (quoting Robinson v. Robinson, 257 So. 3d 1187, 1188 (Fla. 5th DCA 2018)); see also Lopez v. Regalado, 257 So. 3d 550, 557 (Fla. 3d DCA 2018) (affirming entry of domestic violence injunction where petitioner established that she had an "objectively reasonable cause to believe that she was in imminent danger" of becoming the victim of domestic violence); Zarudny, 241 So. 3d at 262 (noting that the belief of imminent danger must be "objectively reasonable"). Further, the petitioner has the burden of proving entitlement to an injunction for protection against domestic violence. See Achurra v. Achurra, 80 So. 3d 1080, 1082 (Fla. 1st DCA 2012).

As stated above, in entering the domestic violence injunction, the trial court found that Ms. Boscan is a victim of domestic violence and/or has reasonable cause to believe that she is in imminent danger of becoming a

victim of domestic violence by Mr. McGuire. Ms. Boscan testified as to four alleged incidents of domestic violence. Two of the alleged incidents occurred in 2017 and the other two alleged incidents occurred more than two years later in February and March 2020.

As to the alleged 2017 incidents, the parties presented conflicting testimony as to what occurred. Nonetheless, when viewing the evidence in the light most favorable to Ms. Boscan, as matter of law, she was the victim of domestic violence in May 2017 and September 2017. However, based on the remoteness of the alleged 2017 incidents, those two incidents, standing alone, cannot support the entry of the domestic violence injunction. In Curl v. Roberts, 279 So. 3d 765 (Fla. 1st DCA 2019), the First District Court of Appeal held that "[t]he remoteness of Appellant's alleged prior abuse of Appellee also renders the injunction improper. Incidents remote in time by as little as a year are insufficient to support entry of a new injunction, absent allegations of current violence or imminent danger that satisfy the statute." Curl, 279 So. 3d at 767 (emphasis added); see also Magloire v. Obrenovic, 308 So. 3d 258, 261 (Fla. 2d DCA 2020) ("[The petitioner's] testimony established that she was the victim of violence in early 2018, including while she was pregnant. However, those incidents predated the filing of the petition by well over a year and were thus too

remote in time to support the entry of the injunction in the absence of more recent evidence of domestic violence or evidence of that [the petitioner] has reasonable cause to believe that she and her child are in imminent danger."); Gill v. Gill, 50 So. 3d 772, 774 (Fla. 2d DCA 2010) ("[A]n isolated incident of domestic violence that occurred years before a petition for injunction is filed will not usually support the issuance of an injunction in the absence of additional current allegations."); Giallanza v. Giallanza, 787 So. 2d 162 (Fla. 2d DCA 2001). Thus, in the light most favorable to Ms. Boscan, we must determine whether the evidence presented at the final hearing relating to the alleged February 2020 and March 2020 incidents reflect that she was a victim of domestic violence or that these incidents reasonably caused her to believe that she was in imminent danger of becoming a victim of domestic violence.

When viewing the alleged February and March 2020 incidents in the light most favorable to Ms. Boscan, as a matter of law, she was not a victim of domestic violence and could not have reasonably believed that she was in imminent danger of becoming a victim of domestic violence. As to the alleged February 2020 incident where Mr. McGuire was jogging near Biscayne Bay in downtown Miami, Ms. Boscan testified that she believed it was a coincidence that they were both there at the same time and that "his

9

face was a look of surprise." Mr. McGuire did not attempt to speak to her and kept on jogging. Next, as to the March 2020 incident at Whole Foods in downtown Miami, Ms. Boscan testified that she did not believe that the encounter was accidental. However, Ms. Boscan's testimony was based on pure speculation where she testified that Mr. McGuire "must have seen" her walking in the street, and he "probably" saw her go into Whole Foods and followed her. There was no evidence that Mr. McGuire followed Ms. Boscan into Whole Foods. Further, this particular Whole Foods is Mr. McGuire's local Whole Foods as he works and lives in downtown Miami. Further, Mr. McGuire did not attempt to talk to Ms. Boscan or follow her within the market. As such, when viewing the evidence in the light most favorable to Ms. Boscan, the evidence reflects that Mr. McGuire and Ms. Boscan coincidentally were at the same public places in February and March 2020. Further, following their chance encounters, Mr. McGuire did nothing that would reasonably cause Ms. Boscan to believe that she was in imminent danger of becoming a victim of domestic violence. Thus, we conclude that the trial court abused its discretion by entering the final judgment of injunction for protection against domestic violence because entry of the domestic violence injunction is not supported by competent, substantial evidence. Accordingly, we reverse the final judgment and

remand with instructions to vacate the domestic violence injunction entered against Mr. McGuire.[2]

Reversed and remanded with instructions.

---

[2] Mr. McGuire also argues that the trial court violated his due process rights at the final hearing by, among other things, allowing Ms. Boscan to testify as to matters not alleged in her Petition, including the email Mr. McGuire sent to Ms. Boscan, the WhatsApp message to Ms. Boscan's sister, and Mr. McGuire arriving at the same dining establishment on the day Ms. Boscan filed her Petition. Based on our reversal of the final judgment of injunction for protection against domestic violence on the merits, we do not need to address Mr. McGuire's due process arguments. Nonetheless, we note that even when considering this additional testimony, our conclusion remains the same.