IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

EDWARD LEE FINGERS,

      Appellant,

v.

Case No.  5D22-570
LT Case No. 2022-30006-FMCI

ANGELICIA FINGERS,

      Appellee.

_____/

Opinion filed January 20, 2023

Appeal from the Circuit Court
for Volusia County,
Sandra C. Upchurch, Judge.

John N. Bogdanoff, of The Carlyle
Appellate Law Firm, Orlando, for
Appellant.

No Appearance for Appellee.


WALLIS, J.

Edward Lee Fingers (Former Husband) appeals the Final Judgment of

Injunction for Protection Against Domestic Violence without Minor Children

(the Injunction) entered in favor of his ex-wife, Angelicia Fingers (Former Wife). Because competent, substantial evidence does not support the issuance of the Injunction, we reverse.[1]

The parties were married in September 1993 and they divorced in October 2021 in Missouri. On January 3, 2022, Former Wife filed a Petition for Injunction for Protection Against Domestic Violence (the Petition), alleging that Former Husband committed or threatened to commit domestic violence against her. Former Wife specifically alleged that Former Husband threatened her several times and that she feared for her life. Former Wife further alleged that she moved from Missouri to Florida in April 2021 because she was afraid of Former Husband.

At the hearing, Former Wife testified that in October 2020 the parties' daughter overheard Former Husband telling someone that he had purchased a gun silencer. Based on that conversation, the daughter told Former Wife that she feared that Former Husband was going to kill Former Wife. Additionally, Former Wife testified that in March 2021 Former Husband told

---

[1] We also note that the trial court violated Former Husband's due process rights when it did not give him an opportunity to cross-examine Former Wife at the injunction hearing. See Toler v. Pray, 293 So. 3d 594, 595–96 (Fla. 2d DCA 2020) (holding that the trial court violated appellant's due process rights at the injunction hearing when it did not give the pro se appellant an opportunity to cross-examine appellee).

2

Former Wife that he did not "need a silencer to kill [her], [she] would never see [him] coming." However, Former Wife also testified that she has never seen Former Husband in Florida and Former Husband has never attempted to directly contact her while she has been living in Florida.

The trial court ultimately entered the Injunction, finding that Former Wife established that she has reasonable cause to believe that she is in imminent danger of becoming a victim of domestic violence by Former Husband. Former Husband challenges that finding on appeal.

"A domestic violence injunction must be supported by competent substantial evidence and is reviewed for legal sufficiency as opposed to evidentiary weight." Quinones-Dones v. Mascola, 290 So. 3d 1029, 1030 (Fla. 5th DCA 2020). Whether the evidence is legally sufficient to support entry of an injunction is a question of law that is reviewed de novo. Robinson v. Robinson, 257 So. 3d 1187, 1189 (Fla. 5th DCA 2018).

"In order to obtain an injunction for protection against domestic violence, the petitioner must be the victim of domestic violence or have reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence." Quinones-Dones, 290 So. 3d at 1030. The petitioner's fear of imminent danger must be objectively reasonable. Id. To determine if the fear is reasonable, "the trial court must consider the current

3

allegations, the parties' behavior within the relationship, and the history of the relationship as a whole." Id. (quoting Jones v. Jones, 32 So. 3d 772, 774 (Fla. 2d DCA 2010)).  To support a finding of imminent danger, there must be evidence that the petitioner has reasonable cause to believe that the danger is imminent.  See Magloire v. Obrenovic, 308 So. 3d 258, 261 (Fla. 2d DCA 2020).

Although there is no bright-line rule as to what is considered "too remote in time to support the entry of a domestic violence injunction," courts seem to agree that incidents that occurred one year prior to filing the petition are insufficient to support the issuance of an injunction if there are no other allegations of current violence or imminent danger.  See Dickson v. Curtis, 338 So. 3d 1001, 1005 (Fla. 3d DCA 2022) (recognizing that there is no "bright line rule" regarding remoteness in the context of domestic violence injunctions); Curl v. Roberts o/b/o E.C., 279 So. 3d 765, 767 (Fla. 1st DCA 2019) ("The remoteness of Appellant's alleged prior abuse of Appellee also renders the injunction improper.  Incidents remote in time by as little as a year are insufficient to support entry of a new injunction, absent allegations of current violence or imminent danger that satisfy the statute.").

Without necessarily establishing or creating a bright-line rule, we conclude that, under the facts of this case, any alleged threats that occurred

4

before January 2021 were too remote in time to support the injunction resulting from Former Wife's petition filed in early January 2022. Consequently, the March 2021 incident is the only event that could support the issuance of the Injunction.

However, we do not find that the evidence surrounding the March 2021 event alone satisfies Former Wife's burden. Specifically, the uncontested evidence is that Former Husband never physically harmed Former Wife either during or after their marriage. Additionally, the evidence establishes that Former Wife never actually saw Former Husband in Florida after April 2021. Furthermore, the record does not contain any evidence of Former Husband making current threats or presenting any physical danger to Former Wife after she moved to Florida. Therefore, there is no competent, substantial evidence supporting the trial court's finding that Former Wife had an objectively reasonable fear that she was in imminent danger of becoming a victim of domestic violence. See Quinones-Dones, 290 So. 3d at 1030–31 (reversing permanent injunction against domestic violence where petitioner's fear was not objectively reasonable because incidents of domestic violence had occurred years before petition was filed, petitioner admitted that respondent had not acted violently towards her since their relationship ended years ago, and petitioner did not allege that respondent had recently

5

threatened her); <u>Zapiola v. Kordecki</u>, 210 So. 3d 249, 250 (Fla. 2d DCA 2017) (reversing injunction for protection against domestic violence where the evidence established that there was one incident of domestic violence years before the petition was filed and there was no evidence that the respondent had recently engaged in conduct that was threatening or might reasonably place the petitioner in fear). Accordingly, we reverse the Injunction.

     REVERSED.

LAMBERT, C.J. and EVANDER, J., concur.