# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-0452
LT Case No. 2024-DR-004262

_____

RICARDO ROSA,

　　Appellant,

　　v.

YASMINE HEREDIA,

　　Appellee.

_____

On appeal from the Circuit Court for Seminole County.
John L. Woodard, III, Judge.

Ricardo Rosa, Longwood, pro se.

No Appearance for Appellee.


September 12, 2025

MACIVER, J.

　　Ricardo Rosa appeals the final judgment of injunction for protection against domestic violence entered in favor of his ex-girlfriend, Yasmine Heredia, after the trial court found the statutory elements of a domestic violence injunction were met. Because we find that the evidence is legally insufficient to support issuing the injunction, we reverse.

　　To obtain a domestic violence injunction, the petitioner must be the victim of domestic violence or reasonably believe that he or she is in imminent danger of becoming a victim of domestic

violence. § 741.30(6)(a), Fla. Stat. (2024). "Domestic violence" is "any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another." *Id*. § 741.28(2). The requisite fear of imminent danger must be an objectively reasonable fear. *Robinson v. Robinson*, 257 So. 3d 1187, 1190 (Fla. 5th DCA 2018) (citing *Mitchell v. Mitchell*, 198 So. 3d 1096, 1100 (Fla. 4th DCA 2016)).

"A domestic violence injunction must be supported by competent substantial evidence." *Id*. at 1188. In determining whether competent, substantial evidence supports a trial court's ruling, we consider legal sufficiency as opposed to evidentiary weight, which is a question of law that we review de novo. *Id*. at 1188–89.

We have carefully reviewed the record and conclude there was no evidence of domestic violence committed by Rosa against Heredia. At the hearing, Heredia presented vague allegations of physical violence that had occurred over a year previously in New York but said the main reason she sought an injunction was to get her mail from Rosa. Rosa categorically denied any history of domestic violence. Further, there was no evidence to show that Heredia had reasonable cause to believe she was in imminent danger of becoming a victim of domestic violence. Heredia admitted that she had been contacting Rosa, and Rosa testified that he repeatedly asked her to stop coming to his home and contacting him. It was undisputed that Rosa did not know where Heredia lived. Accordingly, we reverse the final judgment of injunction for protection.

REVERSED and REMANDED with instructions to VACATE the injunction.

EDWARDS and KILBANE, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____